LOUIS O. KOHTZ, Exr. *et al.*

*v.*

BERTHA M. ELDRED *et al.*

*Opinion filed February 17, 1904.*

1. WILLS—*language construed as sufficient to carry the equitable fee.* A devise of "all the rest, residue and remainder" of the testator's estate in trust for his two children, share and share alike, is ample to carry the fee, unless an intention to cut the interest of the children to a life estate is manifested in clear and unambiguous terms in a subsequent part of the will.

2. SAME—*when provision in case of death of children refers to death before testator.* Where the fee of the testator's property is given to his two children, a subsequent provision that in case of their death without issue the property shall go to others, refers to the contingency of the death of the children before the testator, and if they both survive him they are immediately vested with the fee.

3. SAME—*courts favor construction which gives estate of inheritance to first taker.* Courts favor a construction of a will which will give an estate of inheritance to the first devisee, particularly in case such devisee is an heir.

4. SAME—*how duration of a trust is determined.* If the testator specifically fixes the duration of the trust, his directions will be given effect if not in violation of the rule against perpetuities, but if the duration is not specifically fixed, the testator's intention in that respect must be determined, if possible, from the entire will.

5. TRUSTS—*when trust ceases on accomplishment of particular object.* A trust for the evident purpose of the accomplishment of a particular object will terminate as soon as such object is accomplished, notwithstanding the fact the trustee was invested with the fee.

6. SAME—*when trust will cease upon distribution of property.* Where the active duties of a trustee are to reduce the personal and real estate to cash unless the equitable owners elect to take it *in specie,* and to divide the amount remaining, after payment of debts and specific legacies, equally among such equitable owners, caring for and managing the estate until such time, the trust will cease as soon as such duties are performed.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was a bill in chancery filed in the superior court of Cook county by Louis O. Kohtz, the executor and trustee therein named, to obtain a construction of the

will of Theodore Harz, deceased. The will was admitted to probate on May 19, 1903, and reads as follows:

"I, Theodore Harz, of Chicago, Cook county, in the State of Illinois, being of sound, disposing mind and memory, do hereby make, publish and declare the following to be my last will and testament:

"*First*—I order and direct that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"*Second*—I give, devise and bequeath to my son, Oscar H. Harz, my library, jewelry and collection of coins and relics.

"*Third*—I give, devise and bequeath to my daughter, Alma Harz, all the jewelry formerly owned by my late wife, all the family pictures and the piano.

"*Fourth*—I give, devise and bequeath to my sister, Bertha Eldred, the sum of two thousand (2000) dollars.

"*Fifth*—I give, devise and bequeath to my present house-keeper, Ogda Palmquist, for her good, faithful and truthful service, the sum of one thousand (1000) dollars.

"*Sixth*—All the rest, residue and remainder of my estate, both real and personal, together with my life insurance, I give, devise and bequeath to my executor hereinafter named, in trust for my two children, Oscar H. Harz and Alma Harz, to be divided equally between both of my children, share and share alike. Should either of my above named children die leaving no issue surviving them, then the share of such deceased child shall go to the survivor of them, and if both my children should die leaving no issue surviving them or either of them, then I direct that my estate shall be divided as follows: (*a*) To my house-keeper, Ogda Palmquist, in lieu of the legacy of $1000 mentioned in clause fifth of this my last will and testament, I give, devise and bequeath the sum of three thousand (3000) dollars; (*b*) all the rest, residue and remainder of my estate, of every name and nature whatsoever, shall be divided into two equal

shares, one share thereof I give, devise and bequeath to my sister, Bertha Eldred, and the other share I give, devise and bequeath to my nephews and nieces, to-wit, Elsie Friedlander, Hubert Harz, George Harz, Roland Harz and Hazel Harz, meaning and intending hereby to give each of said nephews and nieces an undivided one-fifth ($\frac{1}{5}$) of an undivided one-half ($\frac{1}{2}$) of said estate. Should any of my aforementioned nephews or nieces die prior to my decease, then the share of such deceased one shall be divided amongst the survivors of any of them.

"*Lastly*—I make, constitute and appoint Louis O. Kohtz executor and trustee of this my last will and testament, and it is my wish and I hereby direct that he may not be required to give any bond or security as such executor or trustee, and that he shall manage my estate, sell any or all of the real or personal property, at public or private sale, to such persons and on such terms as he thinks best, it being unnecessary for the purchasers at such sales to look to the application of the purchase money.

"I do hereby revoke all and every former will by me made.

"In witness whereof, I have hereunto set my hand and seal this 4th day of February, A. D. 1902.

Theodore Harz.    [Seal.]

"This instrument, consisting of two and one-quarter ($2\frac{1}{4}$) typewritten pages, was on the date thereof signed, sealed, published and declared by Theodore Harz as and for his last will and testament in the presence of us, who in his presence and in the presence of each other, and at his request, have subscribed our names as witnesses thereto.

Charles H. Fleischer,<br>21 LeMoyne St.<br>Edwin Stewart.<br>352 Claremont Ave.<br>Ludmil Kandlik,<br>1701 N. Rockwell St."

Theodore Harz, a widower, died on April 22, 1903. His son, Oscar H. Harz, aged thirty years, and his daughter,

Alma Harz, aged twenty years, who were both unmarried, were his children and only heirs. Oscar H. Harz, Alma Harz and the other beneficiaries named in the will were made parties defendant. Oscar H. and Alma Harz and Ogda Palmquist filed answers admitting the allegations of the bill. Hubert, George, Roland and Hazel Harz, who were minors, answered by their guardian *ad litem*. John F. Eldred, Elsie Friedlander and Samuel Friedlander were defaulted and Bertha Eldred answered. Replications were filed, and the case was tried upon the bill, answers and replications. The decree finds the testator died possessed of personal property worth $24,760 and real estate of the value of $22,000; that paragraphs 1 to 5 of the will are clear and need no construction, but that the meaning of paragraph 6 is uncertain, and it was held under that provision the legal title to the estate disposed of thereby vested in fee in Louis O. Kohtz, as trustee; that Oscar H. and Alma Harz were entitled to the net income thereof during life or during the life of the survivor; that in case they both die leaving a child or children them surviving, the child or children of each would take the fee to one-half the estate; if only one died leaving a child or children him surviving, upon the death of the other said child or children would take the entire estate, and in case they both died childless the estate would go to the other beneficiaries named in said will. Louis A. Kohtz and Oscar H. and Alma Harz have prosecuted an appeal to this court.

GOLDZIER, RODGERS & FROEHLICH, and HENRY HIE-STAND, for appellants:

Rejecting one clause or portion of a will to uphold another is a desperate remedy, which should be resorted to only if every other method of construction fails. *Jenks* v. *Jackson*, 127 Ill. 350.

Where an estate is given by one clause of a will it can not be cut down or taken away by a subsequent clause

except by clear and unambiguous language. *Roberts* v. *Roberts*, 140 Ill. 349.

In construing a will the law favors the heir. 29 Am. & Eng. Ency. of Law, 352; *Bane* v. *Wick*, 19 Ohio, 328; *Wright* v. *Hicks*, 12 Ga. 155; *Wilkinson* v. *Allen*, 18 How. 385. ·

A clearly expressed intention is not to be overcome by a doubtful construction of another portion of a will. *Smith* v. *Curry*, 52 Ill. App. 227.

A provision in a will disposing of the estate in case of death without issue of the first devisee, means death without issue before the death of the testator. *Estate of Biddle*, 28 Pa. St. 59; *Fitzwater's Appeal*, 94 id. 141; *Stephenson* v. *Fox*, 125 id. 568; *King* v. *Frick*, 135 id. 575; *Mickley's Appeal*, 92 id. 514; *Morrison* v. *Trube*, 145 id. 540; *Murchison* v. *Witted*, 87 N. C. 469; *Baker* v. *McGrew*, 41 Ohio St. 113; *Vanderzer* v. *Slingerland*, 103 N. Y. 47; *Denise* v. *Denise*, 37 N. J. Eq. 163; *Wright* v. *Charley*, 129 Ind. 257; *Clayton* v. *Lowe*, 5 B. & A. 636; *Gee* v. *Mayer*, 17 A. & E. 735; *Gibson* v. *Walker*, 20 N. Y. 479; *Barrell* v. *Barrell*, 38 N. J. Eq. 60; *McLaughlin* v. *Maher*, 17 Hun, 215; *Mead* v *Maben*, 14 N. Y. Sup. 732; *Estate of Hancock*, 13 Phila. 283; *Arnold* v. *Alden*, 173 Ill. 229; *Fishback* v. *Joesting*, 183 id. 463; *Sealy* v. *Laurens*, 1 Dessaus. 137; *Huff* v. *Browning*, 96 Ill. App. 612.

AYERS, RINAKER & AYERS, for appellees:

The intention of the testator is paramount, and must govern unless prevented by law. *Bradsby* v. *Wallace*, 202 Ill. 239; *Young* v. *Harkleroad*, 166 id. 318; *Auger* v. *Tatham*, 191 id. 296; *Johnson* v. *Bank*, 192 id. 541.

To learn the intention all parts of the will must be considered, and a particular intent must give way to a general intent. *Morrison* v. *Schorr*, 197 Ill. 554; *Young* v. *Harkleroad*, 166 id. 318; *Harrison* v. *Weatherby*, 180 id. 418.

Punctuation may be entirely disregarded. *Johnson* v. *Bank*, 192 Ill. 541.

The intention of the testator is paramount, and prevails over the disposition of courts to favor a construc-

tion giving the fee to the first taker.  *Bradsby* v. *Wallace*, 202 Ill. 239.

When the clauses of a will are irreconcilable and the repugnance invincible, the later clause will generally prevail.  *Morrison* v. *Schorr*, 197 Ill. 554.

A life estate or a lesser estate may be given in personal property.  In such case it should be reduced to money and invested, and the interest only should go to the legatee, the fund being preserved for the remaindermen.  *Burnett* v. *Lester*, 53 Ill. 325.

If such a conclusion can be avoided, it is not to be presumed that a testator intended by the will to accomplish that which the law would do without any will.  *Anderson* v. *Anderson*, 191 Ill. 100; *Johnson* v. *Bank*, 192 id. 540.

If one construction will render a portion of the language used meaningless while a different one will give effect to all language used, the latter must be adopted.  *Lomax* v. *Shinn*, 162 Ill. 124.

When the death of the first taker is coupled with circumstances that may or may not take place, as, for instance, death without children, the devise over, unless controlled by other provisions of the will, takes effect upon death, under the circumstances indicated, at any time, whether before or after the death of the testator.  *Bradsby* v. *Wallace*, 202 Ill. 239; *Smith* v. *Kimball*, 153 id. 368; *Summers* v. *Smith*, 127 id. 645; *Glover* v. *Condell*, 163 id. 566; *Metzen* v. *Schopp*, 202 id. 275.

Where, in a will, the gift contains no words appropriate to carry the fee, as "his heirs," etc., we may look further to see if the estate granted is less than a fee.  *Metzen* v. *Schopp*, 202 Ill. 275.

Even if the grant is to the first taker and his heirs, it may afterwards be limited so that only a base or determinable fee passes.  *Gannon* v. *Peterson*, 193 Ill. 372.

A limitation over after a fee is good in a will but not in a deed, and applies both to realty and personalty.  *Glover* v. *Condell*, 163 Ill. 566.

208—5

The Statute of Uses will not execute a trust, even of realty, if the trustee has active powers and duties, as, to "manage," etc.; and the statute does not apply to personalty in any event. *Ure* v. *Ure*, 185 Ill. 216; *Lawrence* v. *Lawrence*, 181 id. 248; *Glover* v. *Condell*, 163 id. 566.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The language, "all the rest, residue and remainder of my estate, both real and personal, together with my life insurance, I give, devise and bequeath to my executor hereinafter named, in trust for my two children, Oscar H. Harz and Alma Harz, to be divided equally between both my children, share and share alike," found in the sixth paragraph of the will, is ample to carry the equitable fee in the property covered by that paragraph to Oscar H. and Alma Harz, share and share alike, and the estate thus given to the children of the testator can only be cut down to a life estate by other subsequent provisions found in the will which express the intention so to do in clear and unambiguous language. In *Roberts* v. *Roberts*, 140 Ill. 345, on page 349 it is said: "The rule of construction is, that where an estate is given by one clause or part of a will it cannot be cut down or taken away by a subsequent clause except by clear and unambiguous terms, and it is sometimes said that in order to give the latter clause that effect its language must be as clear as that of the clause giving the estate."

It is said, however, the following language, "should either of my above named children die leaving no issue surviving them, then the share of such deceased child shall go to the survivor of them, and if both my children should die leaving no issue surviving them or either of them, then I direct that my estate shall be divided as follows," immediately following the language which, standing alone, would invest the children of the testator with an equitable fee, does clearly show the testator intended

his children should take only the net income for life in the property remaining after the payment of his debts and the specific bequests provided to be paid by the will. The soundness of this contention depends upon whether the words "die leaving no issue surviving them," found in said paragraph, refer to the death of said children, or either of them, before the death of the testator, or refer to their death at a time subsequent to the death of the testator.    If the former is the true meaning of said language, the gift over to the other beneficiaries named in the will was substitutionary, merely, depending upon the contingency of the death of the primary devisees in the lifetime of the testator and designed to prevent a lapse, and both of said children having survived the testator, the contingency upon which the other beneficiaries named in the will were to take could never happen, and the equitable fee immediately became vested in said children, share and share alike, upon the death of the testator. From an examination of the entire will we are of the opinion that the language "die leaving no issue surviving them," used in the sixth paragraph of the will, refers to the death of said children, or either of them, during the lifetime of the testator.

Mr. Jarman (2 Jarman on Wills, 752,) says the rule is well established that where property is given by will to one person and in case of his death to another, if the primary devisee survive the testator he takes the estate devised absolutely.  In *Vanderzer* v. *Slingerland*, 103 N. Y. 47, the court held the rule thus announced by Mr. Jarman applies with equal force to real and personal property, and said on page 53:  "The authorities in this country uniformly sustain the construction that where there is a devise or bequest *simpliciter* to one person and in case of his death to another, the words refer to a death in the lifetime of the testator."  And again, on page 55: "Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the

testator, followed by a devise over in case of his death
without issue, it has, I think, been uniformly held in Eng-
land, and it is the rule supported by the preponderance
of judicial authority in this country, that the words refer
to a death without issue in the lifetime of the testator,
and that the primary devisee surviving the testator takes
an absolute estate in fee simple."

In *Wright* v. *Charley*, 129 Ind. 257, (28 N. E. Rep. 706,)
the testator devised his real estate not specially devised,
to five of his children equally, and provided by a subse-
quent paragraph of his will that "in case of the death of
either of my children except William M., and they leave
no children, the property bequeathed to them by this my
last will and testament be divided between my children,
except William M." The five children all survived the
testator. The lands devised were divided in accordance
with the terms of the will, and one of the daughters hav-
ing subsequently died childless, a contest arose over the
land allotted to said daughter, between her surviving
husband, who claimed as heir, and her brothers and sis-
ters, who claimed under their father's will. The court
held that the words "in case of the death of either of my
children," referred to their death prior to the death of
the testator, and that the husband took, as heir, under
the statute. The court said: "It is the well-settled doc-
trine that the courts of this country will so construe a
will, when not inconsistent with the intention of the tes-
tator, as to prevent the title to real estate from remain-
ing contingent, and, unless there are plain indications of
a contrary intent, will consider the entire title as vested
in those claiming under the will, rather than in abeyance.
(*Wills* v. *Wills*, (Ky.) 3 S. W. Rep. 900; *Heilman* v. *Heilman*,
28 N. E. Rep. 310.) In accord with this rule it is said by
Mr. Jarman to be an established rule that where a be-
quest is simply to one person and in case of his death
to another, the primary devisee surviving the testator
takes absolutely. This rule applies to both personal

and real estate, and the authorities in this country uniformly sustain the construction that in a devise or bequest *simpliciter* to one person and in case of his death to another, the words refer to a death in the lifetime of the testator. (2 Jarman on Wills, 752.) This rule is fully sustained by the authorities. (*Moore* v. *Lyons*, 25 Wend. 119; *Kelly* v. *Kelly*, 61 N. Y. 47; *Briggs* v. *Shaw*, 9 Allen, 516; *Whitney* v. *Whitney*, 45 N. H. 311; *Vanderzee* v. *Haswell*, (N. Y. App.) 8 N. E. Rep. 247; *Reams* v. *Spann*, (S. C.) 2 S. E. Rep. 412; *Wills* v. *Wills*, (Ky.) 3 S. W. Rep. 900; *Hoover* v. *Hoover*, 116 Ind. 498; 19 N. E. Rep. 468; *Harris* v. *Carpenter*, 109 Ind. 540; 10 N. E. Rep. 422.) So, too, another well-established rule is, that where real estate is .devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and that the primary devisee surviving the testator takes an absolute estate in fee simple.— *Clayton* v. *Lowe*, 5 Barn. & Ald. 636; *Gee* v. *Mayor, etc. of Manchester*, 17 Adol. & E. (N. S.) 735; *Woodburne* v. *Woodburne*, 23 L. J. Ch. 336; *Doe* v. *Sparrow*, 13 East, 359; *Quackenbos* v. *Kingsland*, (N. Y. App.) 6 N. E. Rep. 121; *Livingston* v. *Greene*, 52 N. Y. 118; *Embury* v. *Sheldon*, 68 id. 227; *Mickley's Appeal*, 92 Pa. St. 514; *Heilman* v. *Heilman*, 28 N. E. Rep. 310."

In *Fishback* v. *Joesting*, 183 Ill. 463, the testator gave the residue of his estate to his widow and child or children, and provided: "If it shall happen that myself, my wife, my child or children shall depart this life without my child or children have no heirs, in such a case all of my property shall be disposed of as follows." The widow and one child, a girl, survived the testator. The widow re-married and died leaving a son her surviving, and the daughter, having married, died childless leaving her husband her surviving. The beneficiaries named in the will, other than the wife and daughter, claimed the property.

It was held the property went to the son of the deceased widow and the husband of the deceased daughter. The court, on page 466, said: "The first gift is absolute, with no indication of an intention to limit the estate in any way; but the testator made provision that if the wife and child or children should be dead and there should be no grandchildren, the estate should go to others. He coupled his own death with that of his wife and child or children, showing that he had in mind that event as the time when there might be a failure of the first provision to take effect. The contingency provided for was the death of the testator's wife and daughter in his lifetime with no issue of the daughter; and this accords with the general rule of construction, even where the testator does not fix the event at his own death. (*Arnold* v. *Alden,* 173 Ill. 229; *Estate of Biddle,* 28 Pa. St. 59; *Austin* v. *Bristol,* 40 Conn. 120.) At the death of Anthony L. Hoppe, his wife, Louise A., and his daughter, Ottilia H., were living, and the will gave them the absolute estate. The contingency upon which the devise to them might fail never occurred."

If the words "die leaving no issue surviving them" be held to refer to the death of the testator's children, or either of them, prior to the death of the testator, the first clause of the sixth paragraph of the will would read: "All the rest, residue and remainder of my estate, both real and personal, together with my life insurance, I give, devise and bequeath to my executor hereinafter named, in trust for my two children, Oscar H. Harz and Alma Harz, to be divided equally between both of my children, share and share alike. Should either of my above named children die *prior to my death* leaving no issue surviving them, then the share of such deceased child shall go to the survivor of them, and if both my children should die *prior to my death* leaving no issue surviving them or either of them, then I direct that my estate shall be divided as follows," etc., which would transfer the legal title to

Louis O. Kohtz, as trustee, and the equitable title to Oscar H. and Alma Harz, share and share alike, immediately upon the death of Theodore Harz, deceased.

The view that the testator intended the balance of his estate after the payment of debts and specific legacies should go to Oscar H. and Alma Harz absolutely, share and share alike, in case they should survive him, is strengthened by the fact that the courts always favor a construction which gives estates of inheritance to the first devisee in fee. In *Becker* v. *Becker*, 206 Ill. 53, on page 55 it is said: "The growing tendency of courts has become a settled policy to adopt the construction of a will that will give an estate of inheritance to the first devisee, unless other limiting or qualifying clauses in the will disclose, clearly and unequivocally, that it was the intention of the testator to limit or qualify the estate granted." And a construction is uniformly adopted which will favor the heir. "In the construction of wills it is a well established rule that the law favors the heir. Thus, heirs-at-law are not to be disinherited by conjecture, but only by express words or necessary implication. Nor will mere negative words suffice; there must be an actual disposition of the estate to some other person." (29 Am. & Eng. Ency. of Law,—1st ed.—p. 352.) They also so construe a will that the estate will become vested and so that the title thereto will not remain in abeyance. In *Scofield* v. *Olcott*, 120 Ill. 362, on page 374 it was said: "It has long been a settled rule of construction in the courts of England and America, that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent on a future event." And the fact that the legal title is placed in a trustee and the equitable title only given to the legatee or devisee does not affect the application of the rule that the law favors the vesting of estates rather than that the title remain in abeyance.

Nor will it have the effect to cut down an estate of inheritance, when clearly given by the will to the first taker, to a life estate and transfer the fee to another. *Flanner* v. *Fellows*, 206 Ill. 136.

The only question remaining is, how long will the trust created in Louis O. Kohtz endure? The property belonging to the estate of Theodore Harz, deceased, consisted of real and personal estate, out of which the debts and specific legacies are ordered paid, and the balance is to be distributed, share and share alike, between Oscar H. and Alma Harz. The powers conferred upon Louis O. Kohtz, who is named executor and trustee, are, to manage the estate, sell the real and personal estate, and to divide what shall remain after the debts and specific legacies have been paid, between Oscar H. and Alma Harz, share and share alike. The testator doubtless thought until his estate was divided between his children it would be necessary that some one should loan the funds, rent the real estate, pay taxes and insurance and make repairs. He therefore gave his executor and trustee power to manage the estate. He, however, did not fix the time when his power to manage the estate should end, and that time must be determined from a consideration of the entire will. Where a testator by his will creates a trust and fixes the duration thereof, his direction will, if not in violation of the rule against perpetuities, be given effect and the trust will continue for the time indicated; but where a testator does not specifically indicate the time for which the trust is to continue, his intention must, if possible, be determined from the entire will. Where the evident purpose of a trust is the accomplishment of a particular object, the trust will terminate so soon as that object has been accomplished, and the fact that a fee is given to the trustee does not show the testator's intention that the trust estate shall continue after the active duties connected with the trust have been accomplished. (Page on Wills, sec. 618.) The active duties of

the trustee under this will are to reduce the personal and real estate to cash unless the owners of the equitable fee elect to take it *in specie*, and to divide the amount remaining after payment of debts and specific legacies, equally between the son and daughter of the testator, and to care for, manage and control the estate until the same is divided between its equitable owners. When the estate has been reduced to possession by the executor and the debts and specific legacies paid and the balance divided between Oscar H. and Alma Harz, the objects of the trusteeship will be accomplished and the trust·created in Louis O. Kohtz will be at an end.

The decree of the superior court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*