(No. 15462.—Reversed and remanded.)
JOSEPHINE CATLETT, Defendant in Error, *vs.* ELI
DeRousse *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923.*

WILLS—*when life tenant is not given power to dispose of fee.*
Where a testator gives his wife all his real estate, with a provision
that after her death "the residue" shall go to the testator's son,
the devise is merely to the wife for life with remainder to the son,
and the gift over of "the residue" will not be construed as giv-
ing the wife power to dispose of the fee, where there is nothing
in the context of the will or in the facts and circumstances sur-
rounding the testator at the time he wrote the will to warrant such
construction.

WRIT OF ERROR to the Circuit Court of Randolph
county; the Hon. LOUIS BERNREUTER, Judge, presiding.

WILLIAM H. SCHUWERK, for plaintiffs in error.

H. CLAY HORNER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This bill is filed to construe the will of William Catlett.
Omitting the formal parts it reads as follows:

"After my debts is paid I give and bequeath to my wife,
Josephine Catlett, the sum of three hundred and sixty dol-
lars ($360), to be accepted and received by her in lieu of
dower; to my son, Henry Catlett, five ($5), and to my
daughter, Ada Catlett, the sum of five ($5) dollars. I give
and devise all the rest, residue and remainder of my real
estate to my wife, Josephine Catlett, and after the death of
my wife, Josephine Catlett, it is my will that all the resi-
due, of whatever kind, name and nature, shall go to my
son, Henry Catlett.

"And lastly: I give and bequeath all the rest, residue
and remainder of my personal estate, goods and chattels,
of what nature and kind, to my wife, Josephine Catlett."

The chancellor found that the widow received under this will a life estate in all the real estate owned by the testator, with power to convey the fee simple title. Plaintiffs in error, who are the heirs of Henry Catlett, seek a reversal of the decree.

This is another of those wills drawn by incompetent persons who try to use, without knowing their meaning, all the big words that have come to their attention. All the parties agree that the widow was given a life estate in all the land, which includes dower, and so the scrivener must have intended to use the word "dower," in the first clause, as meaning "award." Excepting the two five-dollar bequests, all the personal property is given to the widow by the first and last clauses of the will. Sandwiched between these clauses is one disposing of the real estate. It is clear that the words "rest, residue and remainder," as used in the second clause, are meaningless and that the scrivener used them without knowing what they meant. All the real estate is devised by this clause, and the plain meaning of the clause is that the testator gives his widow all his real estate for life, with remainder to his son. There are no words anywhere in the will indicating directly a power of disposal. Defendant in error bases her contention that there is an implied power of sale on the fact that there is a gift over of "the residue." The context of the will does not indicate that "residue" means "what remains," but, granting that it was used in that sense, the gift over is not of what "remains unexpended" or what "remains undisposed of." There are no cases in this State which justify holding that the power to dispose of the fee is given. Where the gift over is simply of "the residue" or "what remains," then no power to dispose of the fee is expressed. (Kales on Estates,—2d ed.—sec. 648; *Vanatta* v. *Carr,* 223 Ill. 160; *Thompson* v. *Adams,* 205 id. 552.) Granting that extrinsic facts may be considered in construing this will,

there are none in the record which justify reading into the will language which is not there. There is no provision in the will, either preceding or following the word "residue," which indicates any purpose of the testator to vest the widow with a power of sale. There is here no doubtful power of sale which can be made a certain one by the consideration of the word "residue" or of facts and circumstances surrounding the testator at the time he wrote the will.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*