(No. 24946.—

Mary MacGalliard, Appellee, *vs.* F. B. Duis *et al.—* (John R. Unterbrink *et al.* Appellants.)

*Opinion filed December 19, 1938.*

TERRY, GUELTIG & POWELL, for appellants.

J. C. STEELE, and J. P. STREUBER, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A freehold is involved in this appeal from the decree for partition which also dismissed the appellants' cross-bill for want of equity. Appellants are the heirs of Joseph H. Unterbrink who died testate January 12, 1927.

On September 18, 1931, Mary MacGalliard filed her bill for partition of the real estate involved and claimed title as a devisee of Gesche Unterbrink, the widow of Joseph H. Unterbrink. Her bill alleged that Gesche took title under her husband's will. Gesche Unterbrink died testate March 8, 1931. She and her husband made similar wills, dated December 1, 1925. Clause 2 of the husband's will is involved and is as follows:

"It is my desire that after my death, all of my personal property and real estate consisting of our home located at 1125 East Fifth Street, Alton, Illinois, and described as Lot 10 in Block 22 in Hunter or Russell's Addition to Alton, and my farm being in Sections 9 and 10, Moro Township, Madison County, Illinois, and being 120 and 60/100 acres more or less, and all other real estate that I may own at the time of my decease, shall belong to my wife, Gesche

Unterbrink, in fee simple, to do with as she sees fit, and I hereby bequeath and set over all the same unto her. It is my wish and desire however, that after her death whatever is left of the proceeds of my personal or real property hereby bequeathed unto my beloved wife, shall be distributed as follows:—The sum of $200.00 shall be used for the purchase of a monument to be placed on my Lot in the Alton City Cemetery in memory of my wife and myself. The sum of $250.00 shall be distributed to the Trustees of the Alton City Cemetery, the proceeds of which shall be used first for the upkeep of the graves on my Lot in said Cemetery, and the balance for the general upkeep of said Cemetery. The sum of $100.00 shall be transferred to the Trustees of the German Evangelical Church of Alton, Illinois, for the use and benefit of said church. The sum of $300.00 shall be paid to my sister, Tillie Unterbrink, if she be living. The sum of $200.00 shall be paid to Louisa Schmidt, who has been kind to us. The sum of $100.00 shall be paid to my half sister Tillie Meyer. The balance of said proceeds shall be divided equally among my following named brothers and sisters, or their heirs at law: Fred Unterbrink, Henry Unterbrink, John Unterbrink, August Unterbrink, Anna Becker, Lizzie Meyer, Maggie Cooper, Tillie Unterbrink, Julia Cooper and Lena Eppemeyer."

The chancellor found that Gesche Unterbrink took title in fee to her husband's real estate. The appellants contend that section 13 of the Conveyance act (Ill. Rev. Stat. 1937, chap. 30, par. 12) is applicable, and that the words which follow the gift to her in fee simple, limit it to a life estate. They insist that the intention of the testator controls, and that a will must be read as an entire instrument. Every word must be given effect, if possible, in determining that intent. They rely on *Catlett* v. *DeRousse*, 310 Ill. 343, but in that case the will provided: "I give and devise all the rest, residue and remainder of my real estate to my wife, Josephine Catlett, and after the death of my wife, Josephine

Catlett, it is my will that all the residue, of whatever kind, name and nature, shall go to my son, Henry Catlett." The case is not in point, for the gift to the wife is expressly limited by the gift in remainder at her death, to the son, Henry Catlett.

Appellants also rely on *Cales* v. *Dressler*, 315 Ill. 142. That will provided: "Second: After the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife, Sarah Ann Gaines, all of my property, of whatsoever kind and wherever located, both personal and real estate, to have for her own, to do with as she wishes,— that is, to either keep or sell, as she wishes, and spend the proceeds as she may desire. Fourth: After the death of my wife, Sarah· Ann Gaines, if there be any of my estate left it is my will that whatever is left be equally divided between my nephew, William Troy Cales, his wife, Johanna Cales, and my niece, Minnie L. Cales." In these clauses the gift to the wife was not expressly stated to be in fee simple, as it was in the Unterbrink will. In his will the latter part of clause 2, if effective, gave bequests of money out of the proceeds from testator's property. There was no attempt to devise the remainder in fee in the real estate, as there was in the *Cales case*.

*Gahan* v. *Golden*, 330 Ill. 624, involves the same principle as *Catlett* v. *DeRousse, supra,* and the language of the two wills is almost identical. In *Gruenewald* v. *Neu,* 215 Ill. 132, the will read: "I give and bequeath to my beloved husband, John Theim, all the residue of my estate, both real and personal, that I may die possessed (of), to use the same as to him may seem best, and to sell all the real estate or any part thereof if he may desire, and execute valid and binding conveyances therefor. If, at the time of the death of my said husband, John Theim, any part of said real estate or personal estate may not have been used or expended by him, it is my wish and desire that such remaining real and personal estate shall be divided

between my own legal heirs and representatives, and my said husband's legal representatives, provided, however, that out of the whole of such remaining estate the sum of $50.00 shall first be paid to the trustees of the St. Agnes Orphan Asylum of Belleville, Illinois, for the use of said orphan asylum." In that case, if the testatrix had intended her husband to take in fee simple, she need not have empowered him to sell and convey her real estate. Another difference is that in that case there is no express devise in fee simple, and the gift over is of real and personal property that remained undisposed of at the husband's death. It is clear from the language employed that the testatrix, there, intended her husband to have a life estate with power to sell all the property and use the proceeds, but that if he did not exercise that power, or if he failed to use all the personal estate, at his death certain named persons were to receive the remaining property.

We have held that in order to cut down a gift in fee simple to a lesser estate, the later provisions in the will must be clear and explicit so that there can be no mistake as to what was intended. Thus in *Gahan* v. *Golden, supra,* at page 632, we said: "The language of the clause creating the limitation must be as clear as the first clause creating the estate, and if it shows clearly any intention to impose a limitation upon the estate that intention will be given effect.—See, also, *Evans* v. *VanMeter,* 320 Ill. 195; *Sweet* v. *Arnold,* 322 id. 597."

In the case before us the testator not only made an express gift in fee simple to his wife but he gave her absoute and general power of disposition of all the property he owned at his death. He then expressed a desire that there be paid out of the proceeds of the sale of his property, if any proceeds remained at his wife's death, certain sums, and that he desired the balance paid to his brothers and sisters. There was no express gift of any estate in the real or personal property of the testator, such as was

contained in the wills under consideration in the cases already referred to. As we pointed out in *Dalrymple* v. *Leach,* 192 Ill. 51, 53, 54, in discussing similar precatory words, such words, to constitute a limitation of a fee simple estate, must do more than contain the expression of a hope or wish; they must create an estate in the testator's property.

We hold that the latter part of the clause in the will of Joseph H. Unterbrink did not create an estate in any of the testator's real estate; that it was uncertain as to the subject matter; that it was the mere expression of a desire or wish, and did not constitute a devise because it concerned proceeds of sales, alone,

The decree of the circuit court of Madison county is, therefore, affirmed.

*Decree affirmed.*