Arthur F. NEWMAN, Administrator with the Will annexed of the Estate of Ethel L. Newman, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2574.

United States District Court
S. D. Illinois, S. D.

Sept. 4, 1959.

Roberts & Kepner, Springfield, Ill., for plaintiff.

Harlington Wood, Jr., U. S. Atty., Springfield, Ill., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner and John J. Kilgariff, Attys., Dept. of Justice, Washington, D. C., for defendant.

POOS, District Judge.

This is an action brought pursuant to 28 U.S.C.A. § 1346 (as amended) for refund of an assessed deficiency of a portion of Federal estate taxes paid by plaintiff, administrator of the estate of Ethel L. Newman, deceased. The case was tried before the court upon an agreed stipulation of facts, together with attached exhibits and briefs.

The only question presented is whether the Commissioner erred in disallowing the marital deduction and determining the interest passing to the surviving spouse, W. D. Newman, was a terminable interest under Sec. 812(e) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1).

Ethel L. Newman predeceased her husband, dying testate April 16, 1952. Both had executed mutual wills on February 12, 1945. Mrs. Newman's will was admitted to probate by the Probate Court of Sangamon County, Illinois, April 24, 1952. In her estate tax return filed February 10, 1955, the property received by her surviving spouse under her will was reported as property for which the marital deduction is authorized. Thereafter, on March 2, 1957, W. D. Newman died testate and his will was duly admitted to probate in Sangamon County, Illinois. The plaintiff then became and is now the administrator with the will annexed in the estate of Ethel L. Newman. The order of probate in each estate is final, and the provisions of each will provide for and constitute the disposition of the respective decedents' estate. The pertinent provisions of the testatrix' will are:

## II.

"In consideration of the mutual will on this date executed by my husband, W. D. Newman, I give, devise and bequeath to my husband, W. D. Newman, all of my property, both real and personal, and all effects of every kind and nature whatsoever and wheresoever situated, of which I may die seized and possessed, or to which I may be entitled at the time of my decease, to have and to hold same as an absolute estate forever. This will is a mutual will executed contemporaneously with the aforesaid mutual will of my husband, W. D. Newman, and each is consideration for the other, and the provisions of same are reciprocal and it is the express intention and desire, based upon said consideration, that each of our respective wills be irrevocable."

## III.

"In the event my husband shall be deceased at the time of my decease, then I give, devise and bequeath all of my property, both real and personal, and all effects of every kind and nature whatsoever and wheresoever situated of which I may die seized and possessed, or to which I may be entitled at the time of my decease, to my children, Arthur Newman, Mildred Jones and William D. Newman, Jr., in equal shares, share and share alike; and in the event any of my said children predecease me leaving a child or children surviving, I direct that such child or children of my deceased child take per stirpes the parent's share, and in the event any of my said children should be deceased at the time of my death leaving no child or children surviving, then I direct that the share of my said deceased child shall be divided equally among my children surviving me or their child or children surviving, who shall take per stirpes the parent's share."

The will of W. D. Newman was similar in all its provisions except that where her will gave everything to W. D. Newman, her husband, under Clause II, his will gave everything to Ethel L. Newman, his wife, under Clause II thereof. Both

wills recite that they are mutual wills executed on the same date, and both wills as so executed have been admitted to probate.

The estate taken by the surviving spouse under Mrs. Newman's will qualifies for the marital deduction pursuant to the provisions of 26 U.S.C.A. § 812 (e) (1) (A), unless the interest is a "life estate or other terminable interest" as defined in subsection (B) as follows:

"(B). Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clause (i) and (ii)—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent by his executor or by the trustee of a trust. * * *"

The Commisioner of Internal Revenue determined on his construction of the two wills that the language of these mutual wills constituted a binding contract, the result of which resulted in the surviving spouse acquiring a terminable interest which was not subject to the marital deduction. The only effect of the binding contract created by the execution of these mutual wills was that each of the wills was irrevocable. Neither will bound either the husband or the wife to retain the property so bequeathed to the other. By her prior death Clause II became operative and spoke from the time of her death. On his death after that of his wife, Clause III of his will became operative and all property that he owned at the time of his death passed to his three children, no matter from which source it was acquired. The provision of Clause III of her will in no wise diminished or affected the title he acquired by Clause II. There was no event or contingency which affected the quality of his title. On her death the estate, real and personal, that she owned passed to him without any qualification whatsoever. The government argues that her will did not pass a fee simple estate to her husband and contends that her will prevented him from making a testamentary disposition of his property other than as provided in her will. They make no contention that the children did not acquire his estate under his will. In construing her will, it must be examined from what is said by the language of the four corners of the instrument itself. It only speaks from her death, and places no restraint on what he can do with the property after he acquired title. The fact that property acquired through his estate may have included property disposed of by her will in no wise affects the quality of the title acquired by him. The quality of the title as of the date of her death is the matter involved here, not contract rights which have been fully carried out by the probate of his will.

█ It is apparent that the interest taken by Mr. Newman is not a "terminable interest" within the plain meaning of the statute. He received all of the decedent's property outright, absolute and in fee simple. No interest in this property passed from the decedent to some one else. See Treas. Reg. 105, Sec. 81.47(a–d).

█ It is conceded that the law of Illinois governs the nature of the estate

devised. Kasper v. Keller, 8 Cir., 1954, 217 F.2d 744; Shedd's Estate v. Commissioner, 9 Cir., 237 F.2d 345, certiorari denied, 352 U.S. 1024, 77 S.Ct. 590, 1 L.Ed.2d 596; Commissioner of Internal Revenue v. Ellis' Estate, 3 Cir., 252 F.2d 109.

Under the law of Illinois it is settled beyond question where property is given by will to one person and in case of his death to another, that if the primary devisee survives the testator, he takes the estate absolute. In the leading case of Kohtz v. Eldred, 208 Ill. 60, at page 67, 69 N.E. 900, at page 901, the court considered a similar question of construction, and held that no interest passed under the alternative provision where the primary beneficiary survives the testator. This is in accord with the well settled doctrine as espoused by most of the courts in this country, (2 Jarman on Wills 752), and is clearly in accord with the intent of the testatrix. In the Kohtz case the Illinois court in referring to both Mr. Jarman and other authorities said:

> "In Vanderzee v. Slingerland, 103 N.Y. 47, 8 N.E. 247, the court held the rule thus announced by Mr. Jarman applies with equal force to real and personal property, and said on page 53 [of], 103 N.Y. [on] page 248 [of] 8 N.E.: 'The authorities in this country uniformly sustain the construction that where there is a devisee or bequest simpliciter to one person, and in case of his death to another, the words refer to a death in the lifetime of the testator.' And again, on page 55 [of], 103 N.Y. [on] page 249 [of], 8 N.E.: 'Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, followed by a devise over in case of his death without issue, it has, I think, been uniformly held in England, and it is the rule supported by the preponderance of judicial authority in this country, that the words refer to a death without issue in the lifetime

of the testator, and that the primary devisee surviving the testator takes an absolute estate in fee simple.'"

To the same effect are many authorities from other jurisdictions cited in the Kohtz case.

In the case at bar decedent's will provides for her children to take *only* "In the event my husband shall be deceased at the time of my decease, * * *". It was the obvious intent of Mrs. Newman that her surviving husband take her estate absolute. The alternative gift over, being purely executory and contingent in nature, could not and would not vest under the will of Mrs. Newman. It necessarily follows that no "interest in property" passed under the decedent's will to any one other than her surviving spouse. Further, where language such as that employed in the granting clause of the decedent's will is followed by a purported limitation over, the courts are uniform in holding that the estate devised is absolute. MacGalliard v. Duis, 370 Ill. 230, 18 N.E.2d 223; Wolfer v. Hemmer, 144 Ill. 544, 33 N.E. 751. The plaintiff, accordingly, is entitled to the marital deduction and the Commissioner's disallowance was erroneous.

In the opinion of the court the, findings of fact and conclusions of law expressed in this memorandum opinion are sufficient to meet the requirements of Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.), and any further preparation and filing of formal findings of fact and conclusions of law may be dispensed with.

By their stipulation the parties agreed to compute the amount refundable upon final determination of the question pertaining to the marital deduction. In the first instance the total asserted deficiency was the sum of $13,784.84 plus interest in the amount of $3,799.79, which sums the plaintiff paid February 20, 1958. Thereafter the plaintiff filed a proper claim for refund.

There are two minor items in connection with such deficiency that are not now in dispute. These items are (a)

the Commissioner's repayment to the plaintiff of the sum of $359.59 representing a credit for Illinois inheritance tax paid, and (b) an agreement between the parties that the fair market value of the real estate may be increased from $117,000 to $119,000 which the court approves, and, accordingly, that portion of the deficiency represented by said increase in valuation shall be credited to the Government in the computation of the amount due the plaintiff.

By reason of the premises and in accordance with the determination herein set forth, the parties will compute the amount to be refunded the plaintiff for which judgment will be entered in favor of the plaintiff in due course, and after the submission to the court of written judgment in form as agreed upon as to amount and date from which interest is to run.