## Walton v. Bohannon.

(Decided November 12, 1912.)

Appeal from Boone Circuit Court.

Wills—Construction of—Defeasible Fee—Dying At Any Time.—Where a testator devises land to "A" with remainder to "B" but provided that if "B" should die at any time without issue the land should go to "C," "B" took a defeasible fee subject to be defeated at any time by his death without issue.

P. E. CASON for appellant.

S. GAINES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Walton and Bohannon entered into a contract by the terms of which Walton sold and agreed to convey to Bohannon a good title to a tract of land in Boone County, Kentucky. When Walton, in attempted compliance with his contract, tendered a deed to Bohannon for the land, Bohannon declined to accept it upon the ground that Walton did not have and could not convey

a good fee simple title. Whether or not Walton had such a title depends upon the construction of the will of R. Y. Randall from whom Walton derived title. Clause four of the will, which presents the point in controversy, reads as follows: "I own a tract of land whereon I now reside lying on said turnpike road and adjoining the town of Petersburg, containing fifty-six acres of land be the same more or less. I also own a tract of land containing ninety-seven and two-thirds acres lying on the Ohio River below the said town of Petersburg, and also another tract of land lying in the river bottom below said town, containing forty-seven and one-half acres, which I received by the will of the late Marcus Collins. These tracts of land I give and devise to my beloved wife, Martha Randall, for and during the term of her natural life, and at her death to my said son, T. E. Randall, and my said grandsons, John H. Walton and R. R. Walton, and my son taking one-half in value thereof, and my said grandsons together one-half in value thereof. This devise to my said son is for and during the term and period of his natural life, subject as aforesaid to the life estate therein, I have devised to my said wife, Martha, his mother.

"After the termination of the life estate of my said wife in said lands and of the life estate of my said son in the lands devised to him in this clause should he survive his mother, then the lands so devised to my said son in this clause I devise in fee simple to his children. Should either of my said grandsons, John H. Walton and R. R. Walton, die at any time leaving no lawful child or children surviving him to inherit it, in that event it is my will and I direct that the interest in said lands devised to the one so dying shall go at his death to the survivor, and should both of my said grandsons die leaving no lawful child or children to inherit, then upon the happening of that event the interest in said lands I have devised to them, I will and direct shall go to my said son, T. E. Randall for life and at his death to his children in fee simple."

The land devised to Walton and his brother was divided between them and deeds of partition in regular form made. It is the contention of counsel for Bohannon that under this will Walton and his brother each took a defeasible fee, subject to be defeated upon their death at any time without issue, while counsel for Walton insist that the words dying without issue refer to

the death of the devisees without issue before the death of the life tenant. We have ruled in a number of cases that "where an estate is given or devised with remainder over, but in the event the remainderman should die without a child or children, then to a third person, that the words 'dying without children or issue' are restricted or limited to the death of the remainderman before the termination of the particular estate." Thackston v. Watson, 84 Ky., 206; Ferguson v. Thompson, 87 Ky., 519; Reuling v. Reuling, 137 Ky., 638. But in no one of these cases did the testator use the words "at any time." It will be observed that in this case the testator expressly declared that if either of his grandsons "should die at any time leaving no lawful child or children surviving him to inherit, in that event it is my will, and I direct, that the interest in said lands devised to the one so dying shall go, at his death, to the survivor, and should both of my said grandsons die leaving no lawful child or children to inherit, then upon the happening of that event the interest in said land I have devised to them I will and direct shall go to my said son, T. E. Randall, for life, and at his death, to his children in fee simple." The use of the words "die at any time" leave no room to doubt what the intention of the testator was, and when the intention of the testator is clearly expressed we have uniformly observed it unless it contravenes some well settled principle of law. In this case the testator had the undoubted right to limit the estate conveyed to the Waltons in the manner he did. The provision in his will that if either of them should die at any time without issue the estate should go to the survivor, and if both died without issue that it should go to his son, did not violate any statute or rule of law. Having this view of the matter it is of course apparent that Walton could not convey to Bohannon a fee simple title because if Walton should die without issue the land he agreed to convey to Bohannon would pass in the manner directed in the will.

The judgment of the lower court refusing to compel Bohannon to take the title was correct, and it is affirmed.