## Frey, et al. v. Soper, et al.

(Decided May 30, 1919.)

### Appeal from Nicholas Circuit Court.

1. Wills—Defeasible Fee.—Where an undivided one-fourth remainder interest in the testator's property is given a daughter in fee by one clause, but which by subsequent clauses is given to the surviving remaindermen, if she die childless, and to her surviving child or children, if any, she takes a defeasible fee.

2. Wills—Defeasance of Title.—Where the time of the happening of the contingency that will work a defeasance of a devisee's interest is fixed by the will in one clause, rules of construction cannot be resorted to to fix another time for the happening of the same contingency which works a like defeasance of her title under another clause, but in favor of different beneficiaries, as it must be presumed that the testator referred to the same time for the happening of the same event in both references thereto.

HOLMES & ROSS for appellants.

U. M. SWINFORD and TALBOTT & WHITLEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellants, Katherina Frey, C. J. Frey, Wm. H. Frey, Lena Frey and Mrs. Mamie Hutchings, by this action sought to compel the appellees, W. T. Soper and Fanny Soper, to specifically perform a written contract for the purchase of a house and lot. Defendants refused to accept a general warranty deed tendered to them or to pay the agreed price upon the ground that the plaintiffs, all of whom joined in making the deed, were not able to convey good title to the property. The title tendered by the deed was derived by appellants from John H. Frey by will which was set out in full in their petition, and the chancellor being of the opinion that the will did not vest in the plaintiffs the whole of the title to the property, sustained defendants' demurrer to the petition, and dismissed same after plaintiffs had declined to plead further.

To decide the questions presented by this appeal, it will be necessary to consider the following clauses and construe the fourth clause of the will of John H. Frey, namely:

"2nd. I will and bequeath to my beloved wife, Catherine Frey, all of my property real and personal (after

the payment of my debts and funeral expenses); during her natural life and at her death it is my will that all of said real and personal property then held and possessed by her, be and become equally, the property of my four children, C. J. Frey, William H. Frey, Lena Frey and Mrs. Mamie Hutchings, wife of T. E. Hutchings, her equal one-fourth part of same to be held and owned by her in her own separate right, free from debts, control or management of her said husband.

"3rd. I further will and direct that none of the property now occupied and owned by me on Main street in the city of Carlisle, Kentucky, as a residence and business property and parts of which are being rented by me to other persons be sold for any purpose whatever, but that same be kept, owned, occupied and rented jointly (if they see proper to rent the same or any portion thereof), by my said wife and my said four children, during the life of my said wife and that at and after the death of my said wife the ownership and occupancy of said property is to continue in the same way by my said four children.

"4th. I further will and direct that in the event my said daughter, Mamie Hutchings, should die leaving a child or children born of her that her equal one-fourth part of my estate be and become the property of said child or children with the same limitations and restrictions upon said property as to the sale of same, stated in the third clause of this will.

"5th. It is further my will that in the event either of my sons should die after the death of their said mother or that in the event either of my daughters should die after said time leaving no child or children of their own, that the portion of my property hereby willed to them and each of them shall be and become equally the property of the survivors of my said children. Witness my hand this the 16th day of May, 1900."

It is quite clear that the second clause gave to the widow a life estate and to the four children of the testator the remainder in fee, although the word "heirs" or its equivalent was not used as would have been necessary to create a fee at common law, since by Kentucky Statutes, section 2342, a fee simple title passed to the children without the words of inheritance, "unless a different purpose appear by express words or necessary inference."

There is, however, in both the fourth and fifth clauses a clearly expressed purpose to limit the fee in remainder as to all of his property, except the Main street property, which is not involved in this action, to a defeasable fee, as is conceded by appellants; so the time fixed by the will for defeasance as to each of his children is the important question to be decided; because if any of the four children was unable to convey an indefeasable fee, grantees were justified in refusing to accept the deed tendered them, and the judgment must be affirmed.

By the fifth clause the testator clearly fixes the time for defeasance as to each of his four children that die childless and survived by brother or sister, viz.: at any time after the death of their mother, who is still living. So it is clear that Mrs. Hutchings' title to the fourth interest in the property she is attempting to convey, may under the fifth clause, devolve upon her surviving brothers and sister, should she die childless hereafter; but it is argued that even so, the brothers and sister are joining in the deed, and the grantees will in any event, by this deed, have the whole title, so far as the fifth clause is concerned, and this is true. See Forsythe v. Lansing's Exors., 22 Ky. L. R. 1064. But it is also true that the fifth clause in unmistakable terms fixes the time for a defeasance of Mrs. Hutchings' interest in his property.

The same event also defeats Mrs. Hutchings' title under the fourth clause, the only difference being that under differing attendant circumstances different surviving objects of the testator's bounty are named as the recipients of her defeasable interest. The event and the consequences so far as her title is concerned being the same in both clauses, it is a necessary inference that the same time for the happening of the contingent event was meant in both clauses, there being no other intention manifested by express provision or necessary inference, as it is only where a fact is left in doubt by the terms of the will as a whole, that rules of construction can be resorted to for its ascertainment.

Under this construction, Mrs, Hutchings' title remains defeasable under the fourth just as under the fifth clause until her death, if she should die after her mother, defeated under the one if she is survived by child or children and under the other if she dies childless. So it is apparent that under the fourth clause if she should die

at any time after her mother's death under the conditions therein described, her surviving child or children would take under the will, and not by descent from her, the undivided one-fourth interest in the property which she is now attempting to convey to grantees.

Learned counsel for appellants attempt to avoid this conclusion by assuming that clauses 2 and 4 read together vest in the four children of testator the fee in remainder, with survivorship as to Mrs. Hutchings' one-fourth in favor of her surviving child or children, and that under a rule of construction the death of Mrs. Hutchings under the fourth clause refers to her death before the death of testator. This argument is fallacious in assuming a survivorship with reference to Mrs. Hutchings' interest, because the fourth clause is clearly a gift over to another; and also in assuming that the rule of construction contended for is applicable, because even if the assumption of survivorship were warranted, the interest being in remainder preceded by a particular estate which postpones occupancy and enjoyment until the termination of the life estate of the widow (except as to the Main street property, not involved here) the time of Mrs. Hutchings' death, if it were not otherwise fixed by the will and had to be determined under the rules of construction, would have to be held to refer to the termination of the life estate rather than the death of the testator, as it is only where there is no other period apparent or intended for distribution or enjoyment, that the contingency is referred to the death of the testator. Wren v. Hymes, Admr., 2 Met. 129; Wills v. Wills, 85 Ky. 486; Carpenter v. Hazelrigg, 103 Ky. 538; Campbell v. Simmons, 138 Ky. 302; Washer v. Washer, 143 Ky. 645; Kohlepp v. Kohlepp's Admr., 143 Ky. 731; Blackwell v. Blackwell, 147 Ky. 264; Duncan v. Duncan, 150 Ky. 826; Harvey v. Bell, 118 Ky. 512; Wilson v. Wilson, 151 Ky. 635.

Wherefore the judgment is affirmed.