### Reed, et al. v. Williams, et al.

(Decided May 5, 1922.)

## Appeal from Washington Circuit Court.

1. Wills—Subsequent Restriction—Construction.—Where a will gives to a devisee property with the full power of disposition both by deed and by will, any subsequent effort therein to restrict the estate is void because there is nothing left upon which such restriction or devise over may operate; this is not a rule of property, but of construction, and is to be applied only where there is an absence of expression of a contrary intention to be gathered from the whole instrument.

2. Wills—Intention of Testator.—All rules of construction must give way to that universal one that the intention of the testator must be ascertained from the instrument as a whole, and that intention will be gathered from the language used in the instrument as a whole and in the light of the circumstances and conditions surrounding the testator at the time of its execution.

3. Wills—Defeasible Fee.—Where a testator in one clause of his will gives to his married daughter, who has no children, a specified tract of land without apparent restriction or qualification, but in another clause provides that if she wishes to sell and convey the land given she may do so, but the proceeds shall be re-

invested in other land, and that if the daugher "shall die without bodily heirs then at the death of her husband the said land is to revert to my other children equally," the daughter takes a defeasible fee subject to be defeated upon her death without bodily heirs, and then in the event of the defeasance, her surviving husband takes a life estate before the reverter provided for shall be operative.

EDWARDS, OGDEN & PEAK and DORSEY & DORSEY for appellant.

W. H. McCHORD for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Nelson Reed died a resident of Washington county in 1881, having theretofore made and executed his last will, the interpretation of two clauses of which is the subject of this controversy.

He had a large landed and personal estate and left surviving him three sons and four daughters.

In devising his landed estate to his children he designated the specific tracts devised to each, and in the fifth paragraph of his will he provides for his daughter, Mrs. Emma Williams, in the following way:

"Item 5th. I give to my daughter Emma Williams the Bill Linton house and twenty-one acres of land, also the five acres I bought of Frank Linton, then a part of the land I have cut off of the Dan Mock land supposed to be about two and one-half, then down the Dan Mock line to the woods of Maze Linton land, then across the same to a pair of bars on the land bought of Stith T. Noe, thence with fence a straight line to the branch, thence down said branch until you strike the branch between me and Thomas Leachman, thence up the branch far enough on the Combs place to cut off twenty-five acres of the Combs land to her parallel with the Stith T. Noe land, containing one hundred and twenty-five acres; this I estimate at thirty-seven ($37.00) dollars per acre."

Then he provides further in item 14 of his will with reference to the land devised to his daughters, as follows:

"It is my will that if any of daughters above named wish to sell and convey the land herein given them they can do so but the proceeds shall be reinvested in other land, deed to them and of their own selection, and if any of my daughters shall die without bodily heirs then at the

death of her husband the said land is to revert to my other children equally.''

At the time the will was executed and at the time of decedent's death his daughter, Emma, was the wife of appellee, S. W. Williams; and thereafter, in 1917, Emma Williams died, never having borne a child and her husband, S. W. Williams, survived her.

After her death her surviving husband continued to live upon the tract of land devised to Mrs. Williams by her father, and this is an equitable action by certain of the devisees of Nelson Reed against S. W. Williams and the other devisees of Nelson Reed, wherein they seek a sale of the tract of land devised to Emma Williams and a division of the proceeds thereof among the devisees of Nelson Reed.

To the petition the appellee, S. W. Williams, demurred and the lower court, upon consideration, sustained that demurrer and the plaintiffs have appealed.

The questions presented are (1) what title did Emma Williams take under the will of Nelson Reed and (2) what provision, if any, was made for S. W. Williams, the surviving husband of Emma Williams, in the will of Nelson Reed?

It is ably argued by counsel for appellants that under the fifth clause of the will Emma Williams was given an absolute fee to the tract of land therein described, without reservation or restriction, and undeniably if that was the only provision in the whole instrument affecting the title to the property, that would be true, but the question remains what effect did the provisions of item fourteen have upon the title of Emma Williams?

The argument for appellant is that as under the provisions of the fifth clause an absolute fee passed to Emma Williams the attempt in item 14 to limit that estate was void, and a large number of authorities are cited to sustain that view. It is the rule that where a will gives to a devisee property with the full power of disposition both by deed and by will any subsequent effort therein to restrict the estate thereby given is void, because there is nothing left upon which such restriction or devise over may operate. But this rule is not a rule of property, but only one of construction, and is to be applied only where there is an absence of an expression of a contrary intention, gathered from the context of the whole instrument.

The rule of construction to which all others must give way is that the intention of the testator must be ascertained from the instrument as a whole and in the light of the circumstances and conditions surrounding him at the time of its execution. Here we have a testator devising to his married daughter, who has no children, a tract of land and providing that she may sell and make title to the same and reinvest the proceeds, and further providing that if she die without bodily heirs "then at the death of her husband the said land is to revert to my other children equally."

Construing items five and fourteen together we have a testator providing for his married daughter, who has no children, and providing how the property shall be distributed in the event of her death without bodily heirs and fixing the time at which the reversionary interest shall be operative as "at the death of her husband." We must assume from the language used that in the event of the death of the daughter without bodily heirs there was a plain intent to make some provision for the surviving husband; and giving to the language employed its ordinary meaning, and taking into account the situation of the parties and their relations to each other, there can be no reasonable inference drawn except that the testator intended to give to his daughter a defeasible fee to the property described subject to be defeated upon her death without bodily heirs, and then in the event of the defeasance, to give her husband a life estate before the reverter provided for should be effective. Knost. v. Knost, 178 Ky. 267.

Judgment affirmed.