## Parepoint et al. v. Parepoint's Administrator et al.

(Decided March 22, 1929.)

HAYNES CARTER for appellants.

FAUREST & FAUREST for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The parties to this appeal are the children and the administrator with the will annexed of F. C. Parepoint, who died in 1925. The suit was brought to obtain a construction of his will, the material portion of which is as follows:

> "I desire that all my honest and just debts be paid as soon as convenient. I give all my personal property and all real estate to my wife, Linnie E. Parepoint, during her lifetime to hold to have possession and control while she lives. And at her death all of my property to be divided among my children equally, namely, Charles F. Parepoint, Sudie L. Gardner, Malinda B. Lowry, Kate E. Mastins and Elizabeth H. Lee. But if any one of my children should die before my wife, Linnie E. Parepoint, or afterwards, having no bodily heirs their part is to be divided equally among brothers and sisters if living, if not equally among their bodily heirs."

Appellants assert that the testator devised an absolute estate to his children, subject only to the life estate of his widow, and that the following sentence which undertook to restrict the devise is a limitation over, and hence is void under numerous opinions of this court. Such decisions are rested upon the theory that, having

granted an absolute estate, there was nothing left upon which a restriction or devise over might operate. "But," as stated in Reed, etc., v. Williams, etc., 194 Ky. 662, 240 S. W. 391, "this rule is not a rule of property, but only one of construction, and is to be applied only where there is an absence of an expression of a contrary intention, gathered from the context of the whole instrument."

In Ewering v. Ewering, etc., 199 Ky. 450, 251 S. W. 645, this rule was considered and discussed with some elaboration. It was pointed out that the court has been recently holding in such cases that, since the will is not complete until all of it is written and it has been duly executed, if the testator before concluding it inserted a clause qualifying an absolute gift, and thereby displayed a purpose not to devise an absolute estate by a preceding provision, the testator's intention as gathered from the entire instrument will be given effect, and no part of it disregarded. It would violate the expressed intention of the testator to refuse to give effect to that portion of his will which provides, if any of his children should die having no bodily heirs, then that one's part shall be divided equally among his brothers and sisters or their bodily heirs.

There is a clearly expressed purpose to give a life estate to the widow and a defeasible fee in the remainder to the testator's five children. The term was defined and illustrated in Cooper's Adm'r v. Clark, 192 Ky. 404, 233 S. W. 881, thus:

"A defeasible fee is created when the devise is to one with a proviso that it shall be defeated on the happening of a named contingency as where the devise is to A., and if he should die without issue then to B. In such case A. takes a fee subject to be defeated on his death without issue. The devise to B. will never take effect if A. die leaving issue, for the estate becomes absolute in A. and his heirs, his issue taking by descent from A. and not under the will. Ramsey v. Wills, 85 Ky. 492 (3 S. W. 900, 9 Ky. Law Rep. 76)."

The appellants say if the children did not acquire this bounty in fee, as above suggested, then that the time fixed for the defeasance is the death of the life tenant; that is, if a child should die without bodily heirs before the widow, that one's share would become the property

of the remaining brothers and sisters or the children of such who predeceased the one dying without issue; but if such a one should survive the widow, he would become immediately vested with the absolute fee-simple title in his proportional share of the estate. In the absence of a provision in a will indicating a contrary purpose, it is held that where an estate is devised to one for life with remainder in fee to another unless he should die without leaving children, the period to which the qualification refers, and the time of defeasance, is the termination of the life estate. Goodman v. Carpenter, 189 Ky. 83, 224 S. W. 676. But in this will we have a clause indicating a contrary purpose. It is provided, "if any one of my children should die before my wife, Linnie E. Parepoint, *or afterwards*," without children, that one's part is devised to others. Of course, the testator knew that his children would die either before or after his wife, and he may have used this unusual expression for emphasis. He may have been advised of the rule of construction above suggested and have added the word "afterwards" in order to insure a different interpretation. Had he merely provided that, if any of his children should die without bodily heirs, then that one's share should be divided among the others, such provision would have been construed as vesting the entire fee in the children upon the death of the widow, with the result that his estate might have gone into the hands of strangers to his blood. His manifest intention was that it should become the property of his grandchildren.

In Walton v. Bohannon, 150 Ky. 486, 150 S. W. 648, there was a clause in a will that, should either of testator's grandsons "die at any time leaving no lawful child or children surviving him," then that one's interest should go at his death to the survivor. The court held that, by using the words "at any time," no room was left for doubt as to the intention of the testator; namely, that he devised a defeasible fee in his grandchildren, subject to being defeated upon their death without children. That case cannot be distinguished from the one at bar. See, also, Craig's Adm'r v. Williams, 179 Ky. 329, 200 S. W. 481, and Frey v. Soper, 184 Ky. 536, 213 S. W. 546.

We are of the opinion, therefore, that the chancellor properly interpreted this will.

Counsel for appellants asked the court to allow them a fee chargeable to the estate inasmuch as the adminis-

trator had declined to bring the suit and their services had inured to the benefit of all the parties. The lower court refused to allow such a fee, and in their brief counsel are asking a review of that order by this court. It is sufficient to say that the attorneys are not parties to this appeal, and this court is without authority to review the order. Mainous v. Brown Shoe Co., etc., 222 Ky. 25, 299 S. W. 1068, and authorities cited therein.

The judgment is affirmed.