Louise H. **THOMAS** and William Thomas, her husband, Plaintiffs,

v.

Robert C. **HUME** and Lucy Hume, his wife, Defendants.

No. 1002.

United States District Court
E. D. Kentucky,
Covington Division.

April 2, 1962.

Frank Gofton Ware, Robert O. Lukowsky, Covington, Ky., for plaintiffs.

Sawyer A. Smith, Covington, Ky., for defendants.

SWINFORD, District Judge.

This is an action asking the construction of a will and brought pursuant to 28 U.S.C.A. § 2201 for a declaration of rights. The record is before the court on the plaintiffs' motion for summary judgment, Rule 56(a), Rules of Civil Procedure, 28 U.S.C.A.

Sarah Martha Hume executed the will in question on January 18, 1905. On December 27, 1905, she wrote a codicil. There were no other codicils or changes in the will. The testatrix died in 1909 and her will was probated on November 15, 1909. The portion of the will to be construed is paragraph "Sixth" which is in words and figures as follows:

"Sixth. I will, devise & bequeath to Phillip Russell Hume and Robert Cumberland Hume my farm of one hundred acres (100), if said farm is not sold by me before my death, but they are not to sell said farm before Robert Cumberland Hume is twenty-five (25) years of age, but in event of death of either one of them it is to go to the surviving one."

The beneficiaries, Phillip Russell Hume and Robert Cumberland Hume were great grandsons of the testatrix. Although the record is not clear on the point, they were evidently teen-age boys at the time of the execution of the will and codicil.

The beneficiaries were brothers and continued to hold the farm of one hundred acres as joint owners, under this provision of the will, until the death of Phillip R. Hume who died in February 1961. Whatever interest in this one hundred acres of land that may have been owned by Phillip R. Hume at the time of his death was devised to his daughter, Louise H. Thomas, the plaintiff in this action.

The question presented in this case is simply this: Were Phillip and Robert tenants in common or tenants with survivorship? If they were tenants in common, the plaintiff, Louise H. Thomas, is entitled to be adjudged as an owner of one-half interest of the land and her uncle, Robert, the owner of the other one-half interest. If Phillip and Robert were joint tenants with survivorship, Robert, who survived Phillip, owns the one hundred acres in fee.

The case of Poore v. Poore, 226 Ky. 668, 11 S.W.2d 721, decided in 1928, is strong authority in support of the tenancy in common theory. The language of the will construed in that case was very similar to the language in the will in the case at bar. I quote the following from the opinion:

"This whole controversy grew out of the use in this will of these 12 words: 'And in the event of the death of either to the survivor.' The question is: Does this mean the death of either of these beneficiaries before the death of Mrs. Bragg, or does it mean their death at any time? It would seem that a moment's reflection should solve the problem, for Mrs. Bragg says, 'and in the event of the death of either,' thus speaking of death as something that might or might not happen, yet we know that death is the one dread certainty that comes to all of us; so she could not have meant death at any time, for that is not a contingency—that is a certainty. Therefore she must have

meant the death of one of these before the happening of some other event. There is nothing in the will to indicate that she could have contemplated any other event than her own death, and it would seem, therefore, to follow that what she meant was, 'and in the event of the death of either of them before my death, then to the survivor.' Whether or not one of these beneficiaries might die was not a contingency. She knew they both would die. She did not know when, and the contingency indicated by this will was the possibility of the death of one of these beneficiaries before she died."

The Court of Appeals of Kentucky definitely and unreservedly lays down the rule that where there is an immediate gift in a will and a disposition of the property to another in the event of his death or similar expression referring to the death of the beneficiary as a contingent event, no time being mentioned, the gift over will take effect only if the beneficiary dies during the life of the testator. In support of the rule numerous authorities are cited from recognized texts. The court also reviews a number of Kentucky cases which are cited as approval by the court of the rule. Wills v. Wills, 85 Ky. 486, 3 S.W. 900; Ford v. Jones, 223 Ky. 327, 3 S.W.2d 781.

The court has been furnished with an excellent brief by the defendants in which numerous authorities in support of the view that the will establishes a joint tenancy with survivorship but the court feels bound by the rule laid down in the Poore case and must hold accordingly.

The language of paragraph 'Sixth' is construed to limit the survivorship between the two named beneficiaries to apply only in the event that one of them predeceased the testatrix. Since this contingency did not occur, they inherited the one hundred acres of land as tenants in common or a one-half undivided interest each.

The surviving tenant, Robert C. Hume, and the plaintiff, Louise H. Thomas, as beneficiary under the will of her father, Phillip C. Hume, are co-owners as tenants in common of the one hundred acres of land in question.

The plaintiff's motion for summary judgment should be sustained and an order to that effect is this day entered.