### Froman, et al. v. Froman, et al.

(Decided May 11, 1917.)

### Appeal from Hardin Circuit Court.

1. Wills—Holographic Will—Construction.—Where, by an awkwardly worded holographic will, the testator devised his estate to his eight children, the devise to one of his daughters declaring: "Rhoda D. Froman, what may be coming to her I will it to be in 'rieal' estate to have her lifetime for her benefit if she has no heir of her own 'ishue' at her death to come back to my 'bodly' heirs:" Held, that Rhoda D. Froman took, under the will, a life estate to an undivided eighth interest in the lands left by the testator, with remainder to her child or children living at the time of her death; but if not survived by a child or children, such interest will, in that event, pass to the children of the testator, other than Rhoda D. Froman, named as devisees in the will.

2. Wills—Construction—Remainder.—As no present interest passes to the children of Mrs. Froman under the above devise, and whether such interest will ever vest in them will depend upon their surviving their mother, the life tenant, the remainder created by the will is a contingent remainder.

3. Wills—Remainder.—The distinction between a vested and contingent remainder is, that in the former the interest must vest immediately, but the right to enjoyment of the property is made to

depend on some future event; in the latter the interest does not vest immediately, but is made to depend upon some uncertain event.

HAYNES CARTER for appellants.

H. L. JAMES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

W. D. Stovall, then a resident of Hardin county, died in 1910 survived by the eight following named children: Rhoda D. Froman, Betty D. Mulquin, Sue R. Nall, Florence B. Nall, J. M. Stovall, J. C. Stovall, W. C. Stovall and Ina Rodgers. He also left a last will and testament, which, shortly after his death, was duly admitted to probate in the Hardin county court. Besides some personal property, the testator owned, at the time of his death, a tract of land consisting of 250 acres, lying in Hardin county. His entire estate was disposed of by his will.

This action in equity was instituted in the Hardin circuit court by Rhoda D. Froman and her husband, R. R. Froman, to obtain a construction of the will of W. D. Stovall, and for a sale of the interest of Rhoda D. Froman in the land devised her by the will for reinvestment of the proceeds, if it should be determined by the court that she took, under the will, a life estate therein, and her children the remainder; it being alleged in the petition that the land was not susceptible of advantageous division. The other devisees under the will named above, brothers and sisters of Rhoda D. Froman, the wives of the former and husbands of the latter, were made defendants to the action, as were the four children of Rhoda D. Froman, viz.: Thelma Froman, Vendetta Froman, Russell Froman and Elkin Froman, all of whom are infants under fourteen years of age. All the defendants were properly brought before the court by its process.

The devise under which Rhoda D. Froman asserts an interest in the land is contained in the following provision of the will:

"Rhoda D. Froman what may be coming to her I will it to be in *rieal* estate to have her life time for her benefit if she has no heir of her own *ishue* at her death to come back to my *bodly* heirs."

The above clause is copied verbatim, the will having been written by the testator himself. As will be ob-

served, the only punctuation consists of a period at the close of the language quoted. .

It was alleged in the petition that the will should be construed as giving to Rhoda D. Froman the fee in the interest devised to her in the land, subject to be defeated if she died before the death of the testator without issue; and that as the contingency upon which her fee could have been defeated was removed by the birth to her of children before the death of the testator, the defeasance provided for became impossible and her title absolute. On the other hand, it was the contention of the infants, by their guardian *ad litem,* that it was the meaning of the testator, as expressed in the will, that Rhoda D. Froman took a life estate in the interest devised her in the land with remainder to her children if living at the time of her death; but that in the event of there being no children at her death, the estate will pass to the brothers and sisters of Rhoda D. Froman. The circuit court adopted the construction of the will urged by Rhoda D. Froman, as shown by the following excerpt from the judgment:

"It is now adjudged by the court that the said will vested in the said Rhoda D. Froman a defeasible fee in a one-eighth undivided interest in and to said land, said fee being subject to have been defeated should the said Rhoda Froman have died before the death of the said W. D. Stovall without any issue or children living; and it appearing that the said Rhoda D. Froman survives the said W. D. Stovall, and that she has had born to her four children, who are now living, it is adjudged that her interest in said land has now become absolute, and it is adjudged that the said Rhoda D. Froman own an absolute fee simple title in and to a one-eighth undivided interest in all the land owned by W. D. Stovall at his death, and said will is so construed. . . ."

The judgment went no further than to construe the will; a decree for the sale of the land for reinvestment of its proceeds being unnecessary, if, as held by the court, Rhoda D. Froman owns the fee in the interest in the land devised her by the will. The infant children of Rhoda D. Froman, through their guardian *ad litem,* complain of the judgment of the circuit court, and by this appeal ask for its reversal.

We think is fairly apparent from the awkwardly expressed language of the will that the testator, though evidently an illiterate and perhaps eccentric old man, understood the distinction between a fee simple title and

a life estate, because the interest in the land received by his daughter, Betty Mulquin, was devised her by the will in language substantially the same as that employed in the devise of Rhoda D. Froman, while to each of the other three daughters and the three sons an absolute or fee simple title to an undivided eighth interest in the land was devised by the will. In our opinion, the intention of the testator, gathered from the language of the clause in question and the will as a whole, was to give Mrs. Froman only a life estate in the interest devised her in the land with remainder in fee to her child or children living at the time of her death; but that if she left no child or children surviving her, that is, living at the time of her death, then and in that event such interest should go to and the fee vest in the other devisees named in the will, Mrs. Froman's brothers and sisters, children of the testator. The will provides for no contingency, the happening of which would vest the title absolutely in Mrs. Froman. The only contingency provided for is one that cannot arise or happen during her life. It is not that the birth of a child or children, which could, of course, only take place while she is living, would have the effect to convert her title from a life estate to a fee. The contingency provided for can have no effect upon her; whether she did or did not have children only affects the disposition the will requires to be made of the interest in the land after Mrs. Froman's death. If survived by children, they, as remaindermen, take in fee the interest in the land in which the mother was devised a life estate. On the other hand, if the latter leave no child or children surviving her, the interest in the land must, under the will, go to her brothers and sisters, heirs at law of the testator.

Obviously, the words "heir of her own *ishue*," appearing in the clause of the will under consideration, mean a child or children of Rhoda D. Froman; and the words "my *bodly* heirs," refer to and include the children of the testator other than Mrs. Froman. In declaring that Mrs. Froman should have "her lifetime for her benefit," the interest in the land devised her, the testator meant to limit her title to a life estate therein; and by the declaration "if she has no heir of her own *ishue* at her death to come back to my *bodly* heirs," he could have had no other meaning than that if, at her death, there were no issue of her body (children or child) living, the interest devised her should then go to her brothers and sisters. The remainder created in the infant appellant

children of Rhoda D. Froman by the will is a contingent remainder. No present interest passes to them thereunder and whether such interest will ever vest in them will depend upon their surviving their mother. Jailette v. Bell, 33 R. 159; Whallen v. Kellner, 31 R. 1285; Augustus, etc., v. Seabolt, etc., 3 Met. 156.

In White's Trustee, v. White, etc., 86 Ky. 602, it is said:

"The distinction between a vested and contingent remainder is, that in the former the interest must vest immediately, but the right to enjoyment of the property is made to depend on some future event; in the latter, the interest does not vest immediately, but is made to depend upon some uncertain future event."

1 Fearne on Remainder, 5.

Whether that part of the will in the clause under consideration declaring that if Mrs. Froman has no "heir of her own *ishue* at her death," the interest devised her in the land shall "come back to my (the testator's) *bodly* heirs," creates a reversion or remainder, it is unnecessary to decide, as in either event whether such interest ever goes back to the estate or heirs at law of the testator is purely contingent, because dependent upon Mrs. Froman's death without survival of bodily issue.

As it is our conclusion that the circuit court erred in its construction of the will of W. D. Stovall, the judgment is reversed and cause remanded with direction to that court to set it aside and enter such a judgment as will conform to this opinion.