## Craig's Administrator, et al. v. Williams, et al.

(Decided February 15, 1918.)

### Appeal from Gallatin Circuit Court

1. Wills—Construction.—Where a will describes parcels of real estate and declares it is to be set apart for the use of the testator's son, J. W. C., rented out by the executor and the proceeds as collected paid to the son, J. W. C.; and "should my son (J. W. C.) die leaving no children, then the aforesaid property set apart to his use shall revert to my estate and be divided among my other children, one-third to each or the legal heirs of each," the son, J. W. C., having died leaving no children, a sister of the latter whose death preceded his and who also died childless but leaving a will which devised her entire estate to her husband, had at the time of her death no interest in the property devised her brother, J. W. C., by the will of their father that could pass to her husband under her will; hence, the action of the circuit court in so deciding was not error.

2. Wills—Defeasible Fee.—Whether J. W. C. took a defeasible fee or a life estate in the property devised him by the will of his father is not necessary to be decided, as in either event the sister, because of her death occurring before that of J. W. C., had no such vested interest in the property as enabled her to dispose of it by will.

3. Wills—Construction—Defeasible Fee.—Where there is no intervening estate and no other period to which the words "die without leaving children" can be reasonably referred, they must be held, in the absence of something in the will clearly indicating a contrary intention, to create a defeasible fee which is defeated by the death of the devisee at any time without children then living. And if J. W. C. took under his father's will a defeasible fee, under the rule stated, as he died without leaving children, the reversion of the property devised him to the testator's estate provided for by the will, must be held to limit the division to the other children of the testator that were living at the time of the death of J. W. C., or the children of such of them as might then be dead. Therefore, the husband of the sister of J. W. C. who died childless and whose death preceded his, had no such interest in the property after his death, as she might have disposed of by will.

4. Wills—Construction—Contingent Remainder.—If, however, J. W. C. took under his father's will only a life estate in the property devised him thereby, it would nevertheless follow that the will of the sister, whose death preceded his, passed no interest in the property left by him to her husband; for her interest in the property was only a contingent remainder. In other words, an interest dependent upon two contingencies: (1) that J. W. C. leave no children surviving him; (2) that she survive J. W. C.

PERRY & CAMMACK for appellants.

SCOTT & HAMILTON, FRANK C. GREENE and R. B. BROWN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

Wm. Craig, a resident of Gallatin county, died at his home in that county November 8th, 1912, testate, and his will was shortly thereafter duly admitted to probate by the Gallatin county court. The person appointed executor by the will having declined to qualify, the appellant, John P. Thomas, by an order of the Gallatin county court, was appointed administrator with the will annexed of Wm. Craig's estate and duly qualified as such.

The will of the testator devised his estate to his children and grandchildren, but the only provisions of the instrument with which we are concerned will be found in the third clause thereof, which is as follows:

"I set apart for the use of my son, John W. Craig, my store house and wareroom lot in the town of Warsaw, Ky., with all the buildings thereunto belonging; also the upper part of the lot of ground inherited by me from my son, Wm. H. Craig, and situated near the lower line of Warsaw. Said lot so set apart shall have a frontage on the Warsaw and Ghent turnpike of 82 feet from the line of Mrs. Nellie Payne and shall extend to the Ohio river at a distance of 82 feet from the said line of Mrs. Payne making it parallel thereto. Said two pieces of property, a store room and cottage property, shall be rented out and kept rented out by my executor or administrator, and the proceeds thereof shall be paid to my son, John W. Craig, when collected, and should my said son, John, die leaving no children, then the aforesaid property set apart to his use shall revert to my estate and be divided among my other children one-third to each, or the legal heirs of each. There is this exception

to the disposition of the store room property made above, that my son-in-law, John B. Brown, shall have the use of the meat shop erected by him on said store room lot, or he may remove the same should he so desire."

There is no mention elsewhere in the will of the property devised John W. Craig, nor does the name of the latter again appear in any other part of the will except in the sixth and last clause which directs that the testator's "personal property consisting of cash, cash notes, goods and merchandise and so forth," should be divided among his four children equally, John W. Craig being mentioned as one of them. This clause, however, is not here involved.

John W. Crang died October 20th, 1915, intestate, and childless. Sarah A. Lilly, a daughter of the testator, Wm. Craig, and sister of John W. Craig, died in the spring of the year 1914, testate, leaving by her will the whole of her estate, real and personal, to her husband, James W. Lilly who subsequently and, after the probating of the will, sold and by deed conveyed his supposed interest in the real estate left by the will of Wm. Craig to John W. Craig, to the appellants, Hattie Jane Thomas, Orville Craig and Edith Bell Roberts, who are now claiming such alleged interest under their deed from James W. Lilly and under the wills of Sarah A. Lilly and Wm. Craig.

The administrator with the will annexed of Wm. Craig and certain of the devisees under the will of the latter, brought this action in the court below against the other devisees and James W. Lilly and his vendees, to obtain a construction of Wm. Craig's will for the purpose of ascertaining what interest, if any, Hattie Jane Thomas, Orville Craig and Edith Bell Roberts, the vendees of James W. Lilly, have in the property devised by the will of Wm. Craig to John W. Craig.

The circuit court sustained a demurrer to the petition upon the grounds: (1) That John W. Craig took under the will of his father, Wm. Craig, a defeasible fee in the real estate devised to him or to his use; and that as he died without children the defeasance provided for by the will resulted; (2) that as Mrs. Lilly died before John W. Craig and consequently before it was determined that the fee devised him would be defeated, she took no interest in the estate devised him, therefore her

will passd no interest in the property to her husband, and the deed made by him passed none to his vendees.

Whether the foregoing conclusions expressed the meaning of the will or whether it gave John W. Craig only a life estate in the property devised, it is clear that there was no error in the action of the circuit court in sustaining the demurrer to the petition. The first proposition is rested by counsel upon the principle found in the numerous cases to which we will presently refer, viz.: that where, as here, there is no intervening estate, and no other period to which the words "die without leaving children" can be reasonably referred, they must be held, in the absence of something in the will clearly indicating a contrary intention, to create a defeasible fee which is defeated by the death of the devisee at any time without children then living. Harvey, &c. v. Bell, &c., 118 Ky. 523; Hart v. Thompson, 42 Ky. 482; Deboe v. Lowen, 8 B. Mon. 616; Daniel v. Thompson, 53 Ky. 662; Sale v. Crutchfield, 71 Ky. 636; Crozier v. Cundiff, 99 Ky. 202; Smith v. Ballard, 117 Ky. 179; Dockery's Exrs. v. Dockery, 170 Ky. 194.

The further provision of the clause of the will in question declaring that the property or its use devised to John W. Craig, if he died "without leaving children," should revert to the testator's estate and be divided among his other children, one-third to each of the legal heirs of each, must be held to limit the division to the other children of the testator living at the time of the death of John W. Craig, or the children of such of them as might then be dead. This rule was applied in several of the cases, supra; notably Sale v. Crutchfield, 71 Ky. 636, and Crozier v. Cundiff, 99 Ky. 202.

On the other hand if John W. Craig took under his father's will only a life estate in the property devised him, it would nevertheless follow that the will of Sarah Lilly passed no interest in the property to her husband, James W. Lilly, for if Jno. W. Craig had but a life estate her interest in the property was only a contingent remainder. In other words, it was an interest dependent upon two contingencies. First, that John W. Craig leave no children surviving him; second, that she survive John W. Craig.

"The distinction between a vested and contingent remainder is, that in the former the interest must vest immediately, but the right to enjoyment of the prop-

erty is made to depend on some future event; in the latter, the interest does not vest immediately but is made to depend upon some uncertain future event."

1 Fearne on Remainder, 5; White's Trustee v. White, 86 Ky. -602; Whalen v. Kellner, 31 R. 1285; Froman, et al. v. Froman, et al., 175 Ky. 536. The happening of the first of these contingencies did not profit Sarah Lilly as it occurred after her death, therefore the devise she attempted by her will to make to her husband passed to him no title to the property left by John W. Craig; nor did his deed pass any title to his vendees.

There is no error in the judgment of the circuit court; hence, it is affirmed.