## Phoenix and Third National Bank v. Cassell, et al.

(Decided October 19, 1920.)

## Appeal from Fayette Circuit Court.

1. Wills—Life Estate—Defeasible Fee.—A will devising to a sister of the testator certain real estate "for and during her natural life, with remainder in her children . . . in the event she dies without issue, the real property mentioned herein as devised to her for life, with remainder to her children, shall go to and be equally divided among my brothers and sisters who shall be living at that time, except Thomas G. Randall and A. P. Randall," vests in the sister a life estate in the real property devised, and in her children a defeasible fee in remainder. Therefore, only in the event of the survival of the life tenant by a child or children, would the latter become vested with an indefeasible fee in the property.

2. Specific Performance—Appeal and Error.—As the deed tendered by the life tenant and remainderman to the purchaser of the devised real estate would not have vested in the latter a present fee simple title thereto, such as the former contracted to convey, the judgment of the circuit court compelling it to accept the deed and otherwise perform the contract of sale, constitutes reversible error.

ALLEN & DUNCAN for appellant.

MAURY KEMPER for appellees.

Opinion of the Court by Judge Settle—Reversing.

By a written contract, dated January 20, 1920, the appellees, Telitha E. Cassell, Maxwell Cassell, her son, Anna Belle Weathers, her daughter, Bertha J. Cassell, wife of the son, and John Weathers, husband of the daughter, sold and obligated themselves to convey, by deed of general warranty, to the appellant, Phoenix and Third National Bank, of Lexington, a certain parcel of real estate in that city, situated on the north side of Main street between the lot of the Phoenix Third National Bank and a lot occupied by the Victor Bogaert jewelry store, having a frontage of 25 feet on Main street and a depth of 113 feet to a lot in the rear of it occupied by the city fire department. The recited consideration for the sale of the lot was $75,000.00, to be paid as follows: $7,000.00 on the delivery of the deed by the concellation and surrender to Telitha E. Cassell of a note of that amount, secured by a mortgage on the lot, owing by her to appellant. On the remaining $68,000.00 of the consideration appellant agreed to pay Telitha E. Cassell six per cent interest, in monthly installments of $340.00 each, during her life, and at her death to pay the principal of $68,-000.00, one-half to Anna Belle Weathers, one-fourth to Maxwell Cassell, and one-fourth to John Weathers in trust for the benefit of Maxwell Cassell during his life, with remainder in fee at his death, to his children; all the deferred payments to be secured by the retention in the deed of a vendor's lien for that purpose. The contract of sale also provided that appellant should pay for Telitha E. Cassell to the federal government any income tax with which she might be chargeable on the consideration received for the lot, with the right to deduct the amount of such income tax so paid from the $68,000.00 of the purchase price of the lot payable at her death.

By yet another provision of the contract appellant reserved the right to refuse to accept, when tendered by appellees, the deed whereby they were required by its terms to convey it the lot, unless such deed would pass to and vest in it as grantee "a clear, perfect and unencumbered fee simple title" to the property.

Within the time fixed by the contract of sale, appellees duly executed and tendered to appellant, for its acceptance, a deed of conveyance to the real property in question, which, in terms, conformed to the stipulations of the contract; but the latter refused to accept the deed

on the alleged ground that it would not convey it a fee simple title to the property as covenanted by the grantors. Thereupon this action in equity was brought by appellees against appellant in the court below, setting forth the terms of the contract respecting the sale of the real estate, alleging its breach by appellant, and praying that the court compel its specific performance by the latter. The appellant by answer denied the right of appellees to the relief sought; set forth the grounds upon which it refused to accept the deed of conveyance to the property tendered it by appellees, and alleged inability on the part of the latter to convey it a fee simple title to the property.

The case was submitted in the court below upon the petition, certain exhibits made parts thereof, the answer of appellant and a general demurrer filed thereto by appellees. The circuit court being of opinion that the deed tendered appellant by appellees would have invested it with a fee simple title to the real estate in question, sustained appellees' demurrer to the answer and compelled of appellant a specific performance of the contract as prayed in the petition. The latter complains of the judgment manifesting these several rulings and has appealed.

It appears from the record, and is conceded by appellant, that the appellee, Telitha E. Cassell, by reason of its devise to her by the will of her husband, Thomas L. Cassell, deceased, is the sole owner in fee simple of an undivided half of the real estate in question, the title to which, being a widow, she may alone convey; but that the title to the other undivided half of the property is in her for life, with remainder at her death, to her two children, Maxwell Cassell and Anna Belle Weathers; it being the appellant's contention that the title of the children to the undivided half of the property in which the mother has a life estate is only a defeasible fee in remainder, but insisted by appellees that the title they take as remaindermen is an indefeasible fee, which was the view taken of the matter by the circuit court. So the question we are called upon to decide is, whether Mrs. Cassell and her children together with the wife and husband, respectively, of the latter, can jointly convey by deed an indefeasible fee simple title to the real estate contracted for by appellant. If so the judgment compelling the latter to accept the deed tendered by appellees and otherwise perform the contract of sale, correctly determined the rights of the parties.

The title held by appellees as to that half of the property here involved, was devised them by the will of Charles S. Randall, a brother of the appellee, Telitha E. Cassell, so much of which as relates to the devise to appellees being as follows: "Second:. I give and devise to my sister, Telitha Randall, for and during her natural life, with remainder to her children, an undivided one-half of my business house and lot of land situated on the northern side of Main street in the city of Lexington, Kentucky, it being bounded by the property of Quinn on the eastern side and by the property of Curtis on the western. And I give to her said rosewood bedroom set of furniture and piano, mentioned in the first clause hereof, which personal property shall be hers absolutely and without restriction. In the event she dies without issue, the real property mentioned herein as devised to her for life, with remainder to her children, shall go to and be equally divided among my brothers and sisters who shall be living at that time, except Thomas G. Randall and A. P. Randall."

The appellee, Telitha E. Cassell, was unmarried at the time the will of Charles S. Randall was executed and also when he died. After his death, however, she married Thomas L. Cassell, who died some years later, and the appellees, Maxwell Cassell and Anna Belle Weathers, are the only children born of this marriage. Telitha E. Cassell is 67 years of age and her children each between 30 and 40 years of age, but whether either of them has a child or children is not disclosed by the record. All the brothers and sisters of Charles S, Randall to whom his will devised the real property herein involved, in the event of Telitha Cassell's death "without issue," are now dead, but two of them, Thomas G. Randall and Mrs. Annie S. Reed, were survived by children; the former by three and the latter two, all of whom are now living.

We may more sharply define, than as already stated, the issue between appellees and appellant by saying, that it is argued for the former that the language of the will: "In the event she dies without issue, etc., means if Mrs. Cassell died without having given birth to a child or children, then the remainder over to the brothers and sisters of the testator or their children would take effect, but that as she did have issue, the title of the remaindermen was thereby made indefeasible; that is absolute, subject only to Mrs. Cassell's life estate. On the other hand it is argued for the appellant that the language of the will

referred to, can only mean without issue (i. e., a child or children) living at the time of Mrs. Cassell's death. In other words, that only in the event of her survival by a child or children, would the latter become vested with an indefeasible fee in the property. We think this contention sound and find that it is supported by ample authority. There can be no difference in meaning between the words "in the event she dies without issue" used in the will of Charles S. Randall, and such words as if she dies without leaving a child or children. In either case the title devised subject to such contingency would be a defeasible fee. The only question to be considered in construing such language as "die without issue," without leaving issue, without issue surviving, or living at the death, etc., is as to what time the testator intended the "death without issue" to take effect, for this is important in determining whether the first devise is defeated by such event and the limitation over made effective. Manifestly, the expression "In the event she dies without issue," contained in the will under consideration, can only mean a definite, as opposed to an indefinite, failure of issue, and must therefore be held to mean the non-existence of issue at the death of Telitha Cassell.

An excellent illustration of our meaning will be found in Moore v. Moore, etc., 12 B. Monroe 651, in which the devise was of a tract of land to the testator's daughter, Martha, with remainder, "if she should depart this life without issue," to the testator's brother and sisters. It was held that by the use of the above language testator meant issue living at the time of the daughter's death, and not an indefinite failure of issue.

In Webb v. Trustees First Baptist Church, 90 Ky. 117, where the devise was to each of two persons of the fee, with remainder, if either should die without leaving lawful issue, or the descendants of such issue, to the other, we reaffirmed the doctrine declared in Moore v. Moore, etc., 12 B. Mon. 651, by holding that each of the first devisees took the estate, subject to be defeated, however, by her death without issue, or descendants of issue, living at the time. The same doctrine was approved in the following cases: Moseby's Admr. v. Corbin's Admr., 3 A. K. Marshall 289; Brown's Heirs v. Brown, 1 Dana 39; Brashear v. Macey, 3 J. J. Marshall 89; Moore v. Moore, 12 B. Mon. 651; Harvey v. Bell, 118 Ky. 512; and has also been followed in numerous more recent cases,

among them, Rice v. Rice, 133 Ky. 406; Walton v. Bohannon, 150 Ky. 486.

The cases of Kenedy v. Arthur, 3 Ky. Opinions 466, and Fisher v. Lott, 110 S. W. 822 (neither officially reported) cited by counsel for appellees, while apparently sustaining their view of the instant case, are not to be regarded as repudiating the doctrine announced in the many cases upon which we rest our opinion in the instant case. The opinion in Kenedy v. Arthur is largely made to rest upon certain provisions of the will in that case, which are wanting in the will of the instant case; and as Fisher v. Lott involved in part land the title to which was passed on in Kenedy v. Arthur, the court in deciding it felt itself bound by the opinion of that case. We think it clear from a reading of the entire will in this case, that the testator did not intend that the property devised Mrs. Cassell should pass to strangers in blood, hence he provided in his will that if she should die unsurvived by issue, the property should go to his brothers and sisters living at the happening of that event. It is patent, therefore, that the defeasance of the title of Mrs. Cassell's children as remaindermen under the will, may yet take effect, by the occurrence of their death without issue before that of the mother, in which event the estate would at her death go to the surviving children of the brothers and sisters named in the will. As in our opinion the deed tendered appellant by appellees could not have vested in it such title to the property as they undertook by the contract for its sale to convey, the circuit court erred in decreeing the specific performance of the contract by appellant. Wherefore the judgment is reversed and cause remanded for such further proceedings as will be consistent with the opinion.