## Weber, et al. v. Schroeder.

(Decided February 22, 1927.)

### Appeal from Warren Circuit Court.

1.  Wills—Devise of Remainder to Bodily Heirs of Life Tenant, with
    Remainder Over, Should She Die "Not Leaving Bodily Heirs,"
    Held Not to Have Vested Fee in Sole Child of Life Tenant Pre-
    deceasing Her Mother.—Devise to E., and after her death to her
    bodily heirs, and, should she die not leaving bodily heirs, to testa-
    trix's brothers and sisters or their representatives, gave E. a life
    estate, with remainder to her child, which would vest only on
    child surviving E., and which was defeated by her death during
    E.'s life.
2.  Deeds—Deed to Wife Without Restriction, Unless She Died, Leav-
    ing no Child by Grantor, Conveyed Defeasible Fee, where She Died
    Leaving Surviving Child.—Deed conveying land outright to wife,
    except for restriction on fee in event of wife's death leaving no
    living child by grantor, in which event one-half was to revert to
    grantor's estate, did not convey life estate, but conveyed half of
    property in fee, with defeasible fee in the other half.
3.  Deeds—Under Deed of Remainder in Fee to Children, Share of
    Any Child to Revert if it Died Childless, Defeasance Held Depend-
    ent on Death of Remainderman Before Termination of Life Estate.
    —Under husband's deed reserving life estate with remainder to
    wife for life, at her death property to descend to children, but,
    should they die childless, property to revert and descend to heirs
    of husband and wife, child surviving wife took fee; time of 'de-
    feasance clause being limited to wife's death.

O. P. ROPER and ROBERT HUBBARD for apppellants.

G. D. MILLIKEN and W. B. GAINES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Re-
versing.

This is a suit by Mrs. Emma H. Schroeder against
the contingent remaindermen named in the will of her
mother, Mrs. Olivia Rauscher, to construe the latter's
will and also to construe two deeds executed to testatrix
by plaintiff's deceased father, Dominick Rauscher. The
lower court held that by the provisions of her mother's
will the plaintiff took a life estate only in the devised
estate and that the fee in remainder vested in testatrix's
brothers and sisters and their descendants. It also held
that under the deeds mentioned, plaintiff's father con-
veyed his wife a life estate only in the property therein

described; that this property did not pass under her will, and that as he died intestate plaintiff inherited the fee in it. The defendants are satisfied with the construction of the will, but appeal from so much of the judgment as holds that, under the deeds referred to, Olivia Rauscher took a life estate only in the property conveyed and insist that she was given the fee by those deeds; that, under the terms of her will, Emma took a life estate therein and the defendants a vested remainder. The plaintiff, Emma Schroeder, has taken a cross-appeal from so much of the judgment as construes the will to give her a life estate only in the property devised, but insists that the other provisions of the judgment should be upheld.

Dominick and Olivia Rauscher began their married life with small means, but by dint of industry, frugality and thrift acquired considerable estate. The first deed mentioned was executed on the 2nd day of February, 1874, and the second one on the 31st of January, 1882. The husband also conveyed other property to his wife without restriction and died intestate, leaving considerable estate. They had one child, Emma, the plaintiff in this action. She has been married twice; she has no children by the second marriage, but to the first union one child was born, Ruth Webb, later Ruth Mentelone. Ruth was living at her grandmother's death, but has since died, leaving no issue.

The will of Mrs. Rauscher was executed in July, 1895, and probated in March, 1913, and will be considered first. After the usual formalities and provisions for payment of debts, it provides:

> "All my property of every kind, real and personal, I will and bequeath to my daughter, Emma Webb, and after her death to go to her bodily heirs. The interest conveyed my daughter in my property of every kind is for and during her natural life and after her death to descend to her lawful bodily heirs. In case my daughter should die not leaving any bodily heirs then all of the property bequeathed to her to revert to my estate and descend to my brothers and sisters or to their representatives; each of my brothers and sisters to receive a share, or in case of death of any brother or sister then the child or children of said deceased brother or sister to inherit the same as their mother or father would receive under this will."

Obviously Mrs. Schroeder was given a life estate only by the will. But she insists on the cross-appeal that the contingency in the will upon which the estate vested, referred to the first devisee dying without issue during the lifetime of the testatrix and that at her death the remainder vested in her daughter Ruth; that upon Ruth's death she inherited her estate and thus became the owner in fee. She cites a number of cases where a direct devise was made with a limitation over in the event of the devisee "dying childless" or of the happening of some other contingency, nothing else appearing in the will to indicate when the limitation was to take effect, and in which it was held the words used referred to the happening of the contingency before the death of the testator, and if it did not occur until after his death the first taker acquired a fee. Many other cases hold directly to the contrary, and in Harvey v. Bell, 118 Ky. 512, the cases both pro and con were collected, and the rule laid down that as to real estate at least the words quoted and similar phrases refer to the happening of the contingency "at any time," and that in such instances the first taker takes a defeasible fee subject to being defeated at any time the contingency should happen. Subsequently the same confusion arose again, and in the late case of Atkinson v. Kern, Trustee, 210 Ky. 884, upon an elaborate review of all the authorities, the court finally adopted the rule as laid down in Harvey v. Bell, *supra,* and overruled the cases holding to the contrary, and this rule may now be regarded as firmly established in this court. However, this will falls within a different classification from the devises discussed in the above cases. Here the gift to the children is preceded by a life estate in their mother and subject to be defeated if she should "die not leaving any bodily heirs." In such cases the rule is uniform that the words "die not leaving any bodily heirs" and similar words in other cases refer to the death of the remainderman before the termination of the particular estate. See Harvey v. Bell, *supra.* The rule was thus stated in Birney v. Richardson, 5 Dana 424:

> "When the gift is not immediate but in remainder, and there is a bequest over on the legatee's death alone or death without issue . . . in such a case the simple unexplained words 'dying without issue' will be construed as meaning the death of the legatee after that of the testator."

The exact question was decided in Phoenix & Third National Bank v. Cassell, 189 Ky. 341, the will in that case reading, ''I give and devise to my sister Talitha Cassell for and during her natural life with remainder to her children. . . . In the event she dies without issue the real property mentioned herein is devised to her for life with remainder to her children shall go to and be equally divided among my brothers and sisters who shall be living at that time.'' After a careful consideration of the case in all its bearings the court said: ''Manifestly the expression, 'In the event she dies without issue,' contained in the will under consideration, can only mean a definite as opposed to an indefinite failure of issue and must therefore be held to mean the nonexistence of issue at the death of Talitha Cassell. . . . It is patent, therefore, that the defeasance of the title of Mrs. Cassell's children as remaindermen under the will may yet take effect by the occurrence of their death without issue before that of their mother, in which event the estate at her death would go to the surviving children of the brothers and sisters named in the will,'' citing authorities.

The conclusions reached in that case are sound in principle, are fully suported by numerous authorities therein cited and are conclusive as to Mrs. Schroeder's claim of inheritance through Ruth. Manifestly Ruth could have had nothing more than a defeasible fee in remainder, which was defeated by her death during the life of her mother. and the lower court properly adjudged that Mrs. Schroeder has a life estate only in the property devised by her mother's will. But she may yet have children, and if any of these survive her they will then take the fee, thus rendering appellants' estate a defeasible fee.

2nd. The first deed for construction names the parties of the first and second parts as Dominick and Olivia Rauscher, and continues:

''Whereas I, the said Dominick Rauscher the party of the first part am desirous of securing to the said Olivia Rauscher the wife of said Dominick Rauscher a suitable provision in the way of a home for herself during her life, and whereas, I, the said Dominick Rauscher am now clear of debt and at liberty to make any disposition of my property I see fit. Now therefore in consideration of the premises

above recited and in consideration of love and affection, the party of the first part hath bargained and sold and by these presents doth convey unto the party of the second part, . . . to have and to hold the said property and all fixtures and furniture therein and thereon unto the party of the second part *his* subject to the following restrictions and conditions, viz.: that should the said Olivia Rauscher die and leave no living children by Dominick Rauscher then one-half of said property in value to revert to and become a part of the estate of the said Dominick Rauscher as though this conveyance had not been made and the half to be owned and held by the said Olivia Rauscher as hers in fee simple to do with as she sees fit."

Clearly the court erred in adjudging that the above deed vested a life estate only in Mrs. Rauscher. The preamble evinces a desire to provide Mrs. Rauscher a home during life, and this, together with love and affection, forms the consideration for the deed, but she alone is made party of the second part, and the property is conveyed to her outright, without any question of life estate or remainder over, except a restriction upon the fee in the event of her dying, leaving no living child by Dominick Rauscher, in which event one-half of the property is to revert to his estate.

This conveyed her one-half of the property in fee and gave her a defeasible fee in the other moiety subject to be defeated in the manner indicated above. The contingency provided for in the deed did not occur, as Dominick and Olivia Rauscher had a living child, Mrs. Emma Schroeder, at the date of Olivia's death, hence at that time the defeasance was removed and the entire fee vested in the testatrix and passed under her will. Harvey v. Bell, *supra,* and cases cited.

3rd. We think the court was also in error in adjudging a life estate only in Mrs. Rauscher in the second deed, the recitals of which also named Dominick and Olivia Rauscher respectively as parties of the first and second parts and reads:

"The party of the first part in consideration of the love and affection for the party of the second part has this day bargained and sold and conveyed unto the party of the second part Olivia Rauscher, . . .

to have and to hold said lot with all the appurtenances thereunto appertaining unto the party of the second part with general warranty of title, subject to the following conditions: Reserving a life estate in said property of the first party and after his death the property to belong to the party of the second part and after her death to descend to the child or children of parties of the first and second parts. In case the child or children of parties of the first and second parts should die childless then said property shall descend equally to the heirs of the parties of the first and second parts."

In this deed the vendor reserved a life estate to himself with remainder to his wife for life and at her death a defeasible fee was given to their children, subject to a defeasance if such child or children died childless, in which event it was to be equally divided between his heirs and the heirs of his wife. Here an estate for his life was reserved by the vendor and a second life estate given his wife, the estate to vest in their children subject to the defeasance of their "dying childless."

In this class of devises it is uniformly held that the words "die childless" or words of similar import are restricted to the death of the remainderman before the termination of the particular estate. Harvey v. Bell, supra; Hanna v. Prewitt, 153 Ky. 315; Henry v. Carr, 157 Ky. 554; Anderson v. Herring, &c., 154 Ky. 289; Hughes v. Covington, 152 Ky. 421; Bonner v. Wedekind, 193 Ky. 743; Baker v. Thomas, 172 Ky. 334; Spacey v. Close, 184 Ky. 523; Craig's Admr. v. Williams, 179 Ky. 329; White v. White's Gdn., 168 Ky. 752. Here the particular estate terminated at the death of Mrs. Rauscher. Mrs. Schroeder, the only child and remainderman, survived her mother and therefore did not "die childless" within the period limited by the deed. As the contingency upon which the defeasance rests has not occurred and cannot occur it follows that the fee vested in Mrs. Schroeder at her mother's death.

Wherefore the judgment is reversed on original appeal and affirmed on cross-appeal and cause remanded for proceedings consistent with this opinion.