## Montgomery's Ex'r et al. v. Northcutt et al.

Dec. 18, 1942.

Hanson Peterson for appellants.

W. W. Van Deren for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

W. L. Northcutt died testate, a resident of Harrison county, in 1897, leaving surviving him as his only heirs at law a married daughter, Mary L. Montgomery, and four sons, W. H. Northcutt, John K. Northcutt, W. L. Northcutt and J. F. Northcutt.

His will was executed on February 8, 1892, five years before his death, with a codicil executed August 7, 1897, the year of his death, none of which latter is involved in this litigation. By his will he provided for the payment of his debts and funeral expenses and made provision for his surviving widow and then prescribed in the 5th clause of his will that: "I will, devise and bequeath the remainder of my property to my following named five children equally" (naming them) but prescribed that the 1/5 interest of his daughter, Mrs. Montgomery, should be "held by her separate and apart from the use and control of her present husband or any future husband that she may hereafter have, to be held by her for and during her natural life, and then descend or go to my heirs and children unless she should leave surviving heirs of her body, in which case her share shall go to her children so left surviving her."

Mrs. Montgomery died in November, 1937, without ever having borne children, and consequently, she left no heirs as the issue of her body. At the time of her death she held as life tenant the property acquired under her father's will, consisting of 82 shares of stock in the Farmers National Bank of Cynthiana, of the par value of $50 each, and 42 shares of stock in the American Thermos Bottle Co., Class A common. Two of the testator's sons died before the death of Mrs. Montgomery, the life tenant in the fund devised to her, one of whom left a widow without children, while the other left only children surviving him.

This action was brought in the Harrison circuit court by the Farmers National Bank of Cynthiana, as the executor of the estate of Mrs. Montgomery, against the two surviving sons of W. L. Northcutt individually, and as the surviving executors of W. L. Northcutt, and the distributees of the two sons whose death predeceas-

ed that of Mrs. Montgomery, in which action plaintiff sought a construction of the excerpt supra from the 5th clause of the will of W. L. Northcutt, i. e. (a) whether the four sons who survived the testator took under his will a *vested* remainder in the fund devised to the daughter, Mrs. Montgomery, if she died without issue, or (b) whether such remainder interest created in them only a contingent right, thereby converting their interest to that of only *contingent* remaindermen.

The appellants contend that the four surviving sons of the testator took under his will a vested remainder, to be defeated only upon the life tenant (Mrs. Montgomery) leaving issue surviving her, whilst the two sons who survived both the testator and life tenant take the position that the remainder interest devised to testator's four sons was a contingent remainder estate in each of them, with no vested interest until the contingent remainders became vested, and which they argue did not happen until the time of distribution in possession, which was upon the death of the life tenant without leaving issue. The facts are undisputed and the question, therefore, for determination is purely a legal one.

The cause was submitted upon the pleadings—which developed the respective contentions above stated—and the court adjudged that the vesting of the remainder interest in the portion of testator's property devised to Mrs. Montgomery for life was postponed until the period of distribution, which was at the death of the life tenant, and that the two surviving sons of the testator took the entire fund upon her death without issue to the exclusion of any alleged interest of the distributees of the two sons who died before Mrs. Montgomery's death; and from that judgment this appeal is prosecuted.

Counsel for appellees, in their effort to sustain the judgment appealed from, cite many cases, as well as text authority, which they claim support the interpretation made by the trial court, but an examination of them discloses that in such cases the decision was made to turn upon facts different from those appearing in this case, or where existing statutes governed the determination; or where, as in this case, there was created alternative future interests and the court was construing the rights of the *last* created remaindermen instead of those of the first created ones. However, irrespective of that which may have influenced courts foreign to this jurisdiction

in the conclusions they reached, we are to be governed by the constructions made by this court in the interpretation of similar language to that contained in the will of W. L. Northcutt as governed by his intention to be gathered from what he expressed in his will.

Turning to the language by which his intention was expressed, we find that the portion of the property devised to his daughter, Mrs. Montgomery, was "to be held by her for and during her natural life, and then descend or go to my heirs and children unless she should leave surviving her heirs of her body, in which case her share shall go to her children so left surviving her." Plainer language could scarcely be written. There is a total absence of ambiguity and nowhere else in the will is there any expression qualifying the devise made in that excerpt from the will. If the remainder interest devised to the four sons became a vested one upon the death of the testator, although subject to defeat upon the happening of a future contingency which might or might not happen, then the two sons who died prior to the death of the life tenant had an absolute estate in the remainder, subject to be defeated only by the happening of the contigent future event, and their heirs and distributees inherited the same interest held by their deceased ancestor. In other words, a defeasible interest descends to surviving heirs and distributees upon the death of the holder thereof, with the same rights in them as was possessed by their deceased ancestor.

In the cases of Cooper's Adm'r v. Clarke, 192 Ky. 404, 240 S. W. 361; Bodkin v. Wright, 266 Ky. 798, 100 S. W. (2d) 824, and others cited in those opinions, we held that the heirs and distributees, including surviving spouses, inherited the same interest upon the death of one of them when the title of the one dying was a defeasible one, subject to be defeated by a contingent future event, the same as though such interest was absolute. Therefore, if the interest of the two sons whose death preceded that of Mrs. Montgomery, the life tenant, was a vested one, though defeasible, the rule announced in the cited domestic cases would prevail and the judgment should be reversed since it held that the interest of testator's sons did not become vested until the death of Mrs. Montgomery, which was the time of distribution and which the court held was also the time of the vesting of the devises to the four sons. It, therefore, is seen that

the only question for determination is, when did the interest of the four sons under their father's will vest in the fund devised to his daughter, Mrs. Montgomery, for her life?

In Vol. 3, Caldwell's Kentucky Judicial Dictionary, page 2895, there are listed seven domestic opinions, the earliest being Bowling's Heirs v. Dobyns' Adm'rs, 5 Dana 434, 442, 35 Ky. 434, 442, and the latest, Williamson v. Maynard, 162 Ky. 726, 173 S. W. 122, 125, wherein we held that: "The present capacity of taking effect in possession, if the possession was to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." The author also correctly cites vol. 2, page 169, note 10 of Chitty's Blackstone as supporting that definition of a vested interest. On page 2896 of the same volume domestic cases are cited supporting the proposition that the law favors that construction of an instrument which results in a vested remainder rather than a contingent one, if such a construction can be made without doing violence to the language of the instrument.

In vol. 6 of the same publication—supplementing the first three volumes thereof—page 2370, the author cites the case of Sherley v. Sherley, 192 Ky. 122, 232 S. W. 53, in which we held that where the terms of the conveying instrument were such as to create a vested interest upon the death of the testator, that interest will not be defeated by the remainderman's death prior to that of the life tenant, and on page 2371 the same case is cited as sustaining the proposition that a remainder interest in property vested when there is a person in being who would have an immediate right to its enjoyment in possession, whensoever the precedent estate should determine. Distinguishing between a vested remainder and a contingent one, the author cites the case of Lindenberger v. Cornell, 190 Ky. 844, 229 S. W. 54, which defines a contingent remainder as one limited so as to depend on some event or condition which is uncertain and which may never happen or be performed. The interest thus created is a contingent one.

On page 2373 of the same volume, text authorities and domestic cases are listed sustaining the proposition that a remainder interest may be a vested one although the right of possession and enjoyment of the property

is made to depend on some uncertain future event. Those cases are White's Trustee v. White, 86 Ky. 602, 7 S. W. 26; Whallen v. Kellner, 104 S. W. 1018, 31 Ky. Law Rep. 1285; Craig's Adm'r v. Williams, 179 Ky. 329, 332, 200 S. W. 481; Froman v. Froman, 175 Ky. 536, 194 S. W. 809. It is also pointed out on the same page of the same volume that the line of distinction between a vested and contingent remainder is: "The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines." Such future interest is vested if the remaindermen while living possess the right to take possession upon its becoming vacant by the death of the holder of the particular or preceding estate, and which the cases supra, with that of Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272, so declare.

In the instant case the deceased brothers of Mrs. Montgomery had the right to possess themselves of their part of the fund involved at any time before their death, if the life tenant had died before they did. Therefore, under the construction made by us in the cited cases, the remainder interest of the four sons created by the will of W. L. Northcutt, Sr., was a vested interest from and after his death. In the cases of Parepoint v. Parepoint's Adm'r, 228 Ky. 639, 15 S. W. (2d) 513, and Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. (2d) 670, there was presented for our determination the question here involved and it was held in each of them that the first remaindermen to take upon the determination of the preceding estate acquired a vested interest upon the death of the testator creating the interest, although the right of possession was postponed until the happening of a contingent event in the future. The two last cited cases arose under somewhat dissimilar facts, but they nevertheless presented the precise question here submitted for determination.

Moreover, in American Law Institute's Restatement of the Law of Future Interest in Property, parts 3 and 4, section 277, page 1428, it is stated that when a conveyance contains a life interest and provides for two future limitations purporting to create future interests, of which only one can become a present interest if the life interest ends in accordance with its terms, the one of the two limitations of future interest which is first stated in the

conveyance would create a vested remainder if the second future interest was absent, then the interest created by the first stated limitation is a vested remainder, subject to defeasance by the occurrence of the event stipulated in the second or alternative limitation. This principle or rule of interpretation was approved by us in the case of Lepps v. Lee, 92 Ky. 16, 17 S. W. 146.

Numerous other cases and authorities might be cited in support of the propositions thus far discussed, with nothing to the contrary, and upon substantially the same facts, and which forces the conclusion on our part that the court erred in determining otherwise. The correct interpretation is the one herein before outlined, which would entitle any issue or surviving spouse of the two sons who died before the death of the life tenant to their distributive portion of their ancestors' remainder interests, notwithstanding such ancestors were not entitled to the occupancy and possession of their remainders until the happening of the uncertain future event of the life tenant's death without surviving issue. It so happened in this case and the interest, which was defeasible before, then became absolute.

Wherefore, the judgment is reversed with the direction to set it aside and to enter one in conformity with this opinion.